No. 72.—ELIZABETH G. CRAVY, by her next friend, William Megill, plaintiff in error, *vs.* JAMES W. RAWLINS, defendant.

[1.] An instrument by which, for love and affection, A conveys certain negroes to B, with this condition—"Nevertheless, I (the donor) have the full use of said negroes during my natural lifetime, and at the time of my death, the said negroes and their increase shall rise and be the property of the said B, her heirs, &c. firmly by these presents:" *Held* to be a will and not a deed.

In Equity, in Telfair Superior Court. Tried before Judge HANSELL, April Term, 1850.

This bill was filed by the plaintiff in error against the defendant, in Telfair Superior Court. The bill charges, that on the 17th day of September, in the year 1838, Elizabeth Paramore, in contemplation of her marriage with James W. Rawlins, the defendant in error, and with his knowledge and consent, for and in consideration of "the love, good will and affection which she bore towards Elizabeth G. Cravy," conveyed to the said Elizabeth, (who is an infant under the age of twenty-one years,) certain negro slaves, "by a certain deed, gift or conveyance in writing," of which the following is a copy:

"GEORGIA, ⎰ *September 17th, in the year of our Lord, one*
TELFAIR COUNTY. ⎱ *thousand eight hundred and thirty-eight:*
"Know ye, that Elizabeth Paramore, of the State and County aforesaid, of the one part, and Elizabeth G. Cravy, of the same place and State aforesaid, of the other part, for the consideration of love and good will and affection, and for value received, which I have for the said Elizabeth G. Cravy, I have given and sold unto said Elizabeth G. Cravy, herself, her heirs, executors and administrators, jointly, by these presents, three negroes, named as follows: Barcus, junior, a man about twenty years of age, and Patience, a woman about twenty-three years of age, and her child, named Jack, one year and six months of age. Nevertheless, I, the said Elizabeth Paramore, hath the full use of said negroes during my natural lifetime, and at the time of my death, the said negroes and their increase shall rise and be the property

of the said Elizabeth G. Cravy, herself, her heirs, executors and administrators, jointly and severally, firmly by these presents.

" In witness whereof, I, the said Elizabeth Paramore, hath hereunto set my hand and affixed my seal, this day and date first above written.

her<br>
" ELIZABETH &#8904; PARAMORE.<br>
mark.

her<br>
"In presence of us  LIMNY &#8904; DODSON,<br>
mark.<br>
JOHN P. DODSON."

The bill alleges, that on the 18th day of September, 1838, Elizabeth Paramore intermarried with James W. Rawlins, the defendant in error, " who thereby became possessed as for the term of the natural life of his said wife, and still continues in possession of the said slaves. The bill alleges, that since the period of the making of the " deed, gift or conveyance," four children had been born unto the said negro woman, Patience.

The bill charges that the plaintiff in error is apprehensive that the negroes will be removed beyond the limits of this State, by James W. Rawlins, and that the rights of Elizabeth G. Cravy will be seriously impaired, unless the remedy be provided for the preservation thereof. The bill prayed that the " writ of *ne exeat quia timet*, or such other writ as the equity of the case may require," might issue to restrain James W. Rawlins from removing the property beyond the limits of this State, and to give good and sufficient security, residing in the County of Telfair, that the property shall be subject and accessable to the demand of the plaintiff in error, on behalf of Elizabeth G. Cravy.

Upon filing the answer of defendant, in which he admitted the execution of the instrument by Elizabeth Paramore, and the possession of the property by himself, counsel for the defendant moved to dismiss the bill for want of equity apparent on its face.

The motion was sustained by the Court, and the bill was dismissed ; whereupon, counsel for plaintiff in error excepted to the decision of the Court below, and assigned error.

J. J. SCARBOROUGH and FISH, for plaintiff.

COLE, for defendant.

*By the Court.*—WARNER, J. delivering the opinion.

The only question presented on the argument of this case was, whether the instrument contained in the record is to be considered as a deed or a will.

According to the principles settled by this Court in *Hester vs. Young*, (2 *Kelly*, 31,) this instrument must be adjudged to be a will and not a deed.

By the terms of the instrument, Elizabeth Paramore, the party executing it, had the full use of the negroes during her natural life, and " *at the time of her death,* the said negroes and their *increase,* were to rise and be the *property* of Elizabeth G. Cravy, herself, her heirs, executors and administrators." When were the negroes to be *the property* of Elizabeth G. Cravy? The instrument declares, that *at the time of the death* of Elizabeth Paramore, the negroes and their increase shall rise and be the property of Elizabeth G. Cravy, herself, her heirs, &c.

Now, if the negroes had been intended to have been conveyed to Elizabeth G. Cravy, at the time of the execution of the instrument, as her property, why did Elizabeth Paramore declare that, *at her death,* the negroes should rise and be *the property* of Elizabeth G. Cravy? If the negroes were the property of Elizabeth G. Cravy, during the *lifetime* of Elizabeth Paramore, it is difficult to perceive how they and their increase could rise and become her property at *the time of the death* of the latter.

Taking the whole instrument together, it was not the intention of Elizabeth Paramore, in our judgment, that the title to the negroes named, and their increase, should vest in Elizabeth G. Cravy until the *time of her death ;* consequently, the paper must be considered as testamentary in its character.

Let the judgment of the Court below be affirmed.

# CASES

## ARGUED AND DETERMINED

### IN THE

# SUPREME COURT OF THE STATE OF GEORGIA,

## AT AMERICUS,