IsAAC Moye, et al., plaintiffs in error, vs. John Kittrell, administrator, defendant in error.

An instrument conveying property *in presenti*, and having all the requisites of a deed, and delivered by the maker to the Clerk to be recorded as such, is not testamentary in its character, notwithstanding it declares, that the property is not to go into the possession of the donees till the death of the donor; especially as the paper, would be ineffectual as a will, being attested by two witnesses only.

Trover, from Washington county. Tried before his Honor, W. W. Holt, at March Term, 1859.

This was an action of trover, by John Kittrell, as administrator of Noah Kittrell, deceased, against Isaac Moye, and

others, for certain negroes and other things, alleged to be the property of said deceased, at the time of his death.

At the trial, plaintiff offered in evidence his letters of administration, proved that the property in controversy was in the possession of said Noah at the time of his death, and that it had subsequently been converted by defendants, who had it in possesion at the commencement of the suit.

The defendants claimed the property under the following instrument, executed by the said Noah Kittrell in his lifetime, and which they offered in evidence in support of their title, viz:

" *To all whom it may concern :* Know ye, that I, Noah Kittrell, senior, of the county of Washington, and State of Georgia, in consequence of the love, good will and affection which I have, and do bear towards my daughters of the said county, and State aforesaid, do by these presents, freely give and grant unto my four daughters, viz: Sarah Forbs, Nicey Kittrell, Nancy Kittrell, and Rachel Brantly, their heirs, executors and administrators, all and singular my whole estate that I now possess, consisting of my negro woman Hetty, negro boy Benjamin, negro girl Phillis, negro boy Peter, and stock of all kinds, consisting of horses, cattle and hogs, tools of all descriptions, household and kitchen furniture, with the exception of my bed and furniture, which I give to my daughters, Nicey and Nancy, to be equally divided between them. I also, give my grand-daughter Ellen J. Massey, fifty dollars in cash; said property to go into the possession of said heirs at my death. Signed by my own hand before proper witnesses, and bearing date the 3d day of February, 1853. To have and to hold all the said named property to them, the said Sarah Forbs, Nicey Kittrell, Nancy Kittrell, Rachel Brantly, and Ellen J. Massey, their heirs, executors, administrators, assigns, absolutely, without any manner of condition whatever.

In witness whereof, I have hereunto set my hand and seal, this third day of February, 1853.

(Signed,)        NOAH KITTRELL, [*L. S.*]

Signed, sealed and declared in presence of us,

Isaac Moye,

John Ivey, *J. P.*"

This paper had been duly recorded in the office of the Clerk of the Superior Court of Washington county, 14th February, 1853.

To the introduction of this paper in the evidence, counsel for plaintiff objected on the ground that it was a testamentary paper and should first be established and admitted to probate as a will, in the Court of Ordinary, before it could be received in evidence here.

The presiding Judge, after argument, sustained the objection and rejected the paper, holding, that it was a will, and as such, not admissible in evidence, until it was first admitted to record and probate in the Court of Ordinary.

To which ruling and decision, counsel for defendants excepted.

J. S. Hook, for plaintiffs in error.

W. S. Rockwell, *contra.*

*By the Court.*—Lumpkin J. delivering the opinion.

The only question we find it necessary to decide in this case is, whether the ,aper offered by the defendants as evidence of their title for the property sued for, is a will or a deed ?

By it the intestate of the plaintiff declares that he freely gave and granted to the defendants, all of the property which he then possessed, with the exception of his bed and furniture, which he gave to two of his daughters, and fifty dollars

·in cash to a grand-daughter, "to go into their possession at his death." To have and to hold absolutely, without any manner of condition whatever.

The instrument was attested by two witnesses, one of them being a justice of the peace, and was recorded eleven days after its execution, being handed to the Clerk by Noah Kittrell, senior, the maker; and this has been held repeatedly to be tantamount to a delivery to the party himself.

The form of the instrument is that of a deed. And the form is evidence of the intention of the maker. But independent of this, and of the outside testimony, which was rejected by the Court, by putting it upon record, the maker manifested his purpose to part with the title to the property, and to make the paper irrevocable. The only reservation is, that the property was not to go into the possession of the donees till the death of the donor. It has been decided more than once by this Court, that it was competent for the donor to reserve a *life estate*, in the property conveyed, without making the paper testamentary. A reservation of the possession merely, is not equal to a life estate.

If the words were doubtful, we should incline to that construction, which would support the instrument. And this can be done only by holding it to be a deed. For as a will, it must fail, wanting the necessary attestation.

But we are not under the necessity of resorting·to this principle. This is a stronger case than many which have been adjudged by this Court to be deeds.

We are constrained therefore to reverse the judgment of the Circuit Court.

                              Judgment reversed.