Dismukes *vs.* Parrott.

---

COLUMBUS W. DISMUKES, administrator, plaintiff in error, *vs.* MARY JANE PARROTT, defendant in error.

1. An instrument, in form a deed of gift and well attested as such, but not legally attested as a will, so that it would wholly fail of effect if construed to be testamentary in its character, should, if very doubtful in its terms with reference to the time of vesting the estate, be classed as a deed and not as a will.

2. An indenture, signed, sealed and delivered by a father, in presence of two attesting witnesses, giving and granting certain land to his daughter, in consideration of love and affection, to have and to hold the same after his death, during her natural life, he reserving the right of controlling the premises as long as he lived, and expressing a desire that at her death the property should be sold and divided between his other children, vested, at the time of its execution and delivery, an estate for life in the daughter, subject only to the father's right of possession, use and enjoyment during his own life.

Deed or will.   Before Judge CLARK.   Webster Superior Court.   September Adjourned Term, 1875.

Reported in the opinion.

ALLEN FORT; L. C. HOYLE, for plaintiff in error.

HAWKINS & HAWKINS, for defendant.

BLECKLEY, Judge.

The action was by the administrator of the donor against the donee in the following instrument; and the only question for decision is, whether the instrument is a testamentary paper or a deed:

" GEORGIA—WEBSTER COUNTY:

" This indenture made this 6th day of January, 1873, between William H. Dismukes, of said county and state, of the one part, and Mary Jane Parrott, his daughter, of the same place, of the other part: witnesseth, that the said William H. Dismukes, for the love and affection that he has for his daughter, Mary Jane Parrott, has given and granted, and does by these presents give and grant unto the said Mary Jane Parrott, all that tract of land constituting his residence in said county. To have and to hold the aforesaid premises after his death during her natural life. The said William H. Dismukes reserves the right of controlling the aforementioned premises as long as he lives. William H. Dismukes desires that the aforementioned premises, at the death of the said Mary Jane Parrott, be sold and divided between the balance of his children.            W. H. DISMUKES, [Seal.]

" Signed, sealed and delivered in the presence of

" MARK HOLLOMON,

" PETER W. REDDICK, *N. P. and ex of. J. P.*"

It is not easy to say what this instrument is. It has the form and general requisites of a deed, including attestation. Construed as a deed, it would have validity and take effect; construed as a will, it would be a nullity, as it has but two witnesses, and the law requires three. We do not certainly know what it is Its construction is very doubtful. Taking all its terms together, it would seem that the grantor intended to pass something presently, for he defines what it was his purpose to reserve, namely: the control during his own life. By control, he most probably meant possession, use and enjoyment; not absolute title, with power of disposition beyond the term of his own life. To hold the instrument to be a will would be to make the reservation altogether idle and useless. By holding it to be a deed, effect can be given to the reservation as a part of the instrument—to all the words, without rejecting any as superfluous. This, we think, is the safer and better construction. It is the one which was adopted by the court below, and we

are not convinced that the court erred.   Numerous cases on the general subject have been heretofore decided by this court; but it is unnecessary to cite them.   We have not omitted to examine them.

Judgment affirmed.