## Seals *v.* Pierce, Little & Company.

An instrument in the form of an ordinary warranty deed to land, executed and delivered as such, is not rendered testamentary in its character by the insertion, immediately after the description of the property conveyed, of the words: "This deed is to go into effect, after the death of said" grantor, "she claiming her right to hold the land so long as she lives and at her death then at her death all the franchises and right which she hold to be to the party of the second part to be by her willed or conveyed as the party of the second may elect."

November 25, 1889.

Deeds. Wills. Construction. Before Judge LUMP-KIN. Hancock superior court. April term, 1889.

An execution in favor of Pierce, Little & Co. against M. D. Seals having been levied, a claim was interposed by M. B. Seals, agent for H. V. Seals, and the case thus made was submitted to the judge without a jury for decision upon an agreement, as to facts, that if the instrument hereafter referred to from Nancy Copelan to Eldora Seals is testamentary in its character and not a deed, the property levied on is not subject, but if the instrument is a deed passing title to Eldora Seals, the property is subject. The submission also placed before the judge an instrument dated July 2, 1884, from Nancy Copelan to H. V. Seals. The first of these instruments, the one construed, is in the form of an ordinary warranty deed; is dated December 14, 1878; recorded two days later; expresses a consideration of $800.50; and conveys certain land, describing it. Immediately following this description is the following clause:

"This deed is to go into effect after the death of said Nancy Copelan of the first part she claiming her right to hold the land so long as she lives and at her death then at her death all the franchises and right which she hold to be to the party of second part to be by her willed or conveyed as the party of the second may elect."

The *habendum* and *tenendum* and warranty clauses, as well as the statement as to the execution and delivery, are in the usual form of a warranty deed. There are three witnesses to this execution, one of these signing as a notary public and *ex officio* justice of the peace. The other instrument introduced, dated July 2, 1884, from Nancy Copelan to H. V. Seals, is in the same form and has four witnesses to its execution, one of these being M. D. Seals, and another signing as justice of the peace. After describing the land conveyed and stating that it is the same as that conveyed by the instrument first referred to, this recites as follows:

"The said Eldora Seals having died, and her husband, M. D. Seals, having relinquished his interest to said land to their son, the said Hershell Seals, said deed of relinquishment being recorded in book W in said office, this deed is intended to confirm the title to such part of said tract as is now held by the said Hershell and fix the title in him now."

The judge held the property subject to the execution, and the claimant excepted.

R. H. Lewis, by brief, for plaintiff in error.

J. A. Harley, by brief, contra.

SIMMONS, Justice.

The only question made in this case is, whether the paper set out in the record is a will or a deed. It is conceded on both sides that if it is a will the property is not subject to the execution, and if it is a deed it is subject. The court below held that it was a deed, and put his decision upon the case of White v. Hopkins, 80 Ga. 154. We agree with the court below that the case at bar is ruled by that case.          Judgment affirmed.