WORLEY, adm'r, *v.* DANIEL, adm'r, *et al.*

The instrument offered in evidence was a deed and not a testamentary paper.

January 4, 1893.

Deed.    Testament.    Before Judge McWHORTER.    Elbert superior court.    March term, 1892.

Land was offered for sale by the ·administrator of Sarah Ann Tarpley, formerly Brown, and was claimed by the administrator of Oba Brown and by the heirs of William S. Brown.    The verdict was for the claimants, and a motion for a new trial was denied.    The special ground of the motion was, that the court erred in admitting in evidence the instrument referred to in the opinion, offered by the claimants as a deed of Sarah Ann Brown, the objection being that it was testamentary in character and was not probated.

J. N. WORLEY, McCURRY & PROFFITT and P. W. DAVIS, for plaintiff in error.

H. J. BREWER and J. P. SHANNON, *contra.*

SIMMONS, Justice.

The instrument offered in evidence recites that the husband of the maker died intestate, leaving her his sole heir-at-law; that he intended to divide his estate at his death so as to give half of the personalty to her and the other half to his brother and nephew, Oba Brown and William S. Brown; and that she was to have all the land during her life or widowhood, except one hundred acres on the east side of the river, and that the tract on the west side was to be given to Rebecca McGee and her children; that this intention was expressed in a paper which her husband wrote but failed to execute as his will. After stating that she reserves to herself certain personalty and a life-estate in all the land, except one hundred acres "to be run off to Edy and her children," and that to carry out her husband's wishes she gives now to said Oba Brown and Wm. S. Brown the remainder of the personalty said deceased died seized of, and to said Edy one hundred acres of land, the instrument concludes as follows:

"And to further carry out my deceased husband's wishes, I do at and after my death give to the said Oba Brown and Wm. S. Brown, their heirs and assigns, jointly, all the remainder (after the one hundred acres to Edy) of the land that my said deceased husband died seized of, that is I now give the last above described lands to said Oba and Wm. S., only reserving my life-estate in the same."

The paper was signed and attested as a deed, the attestation being by two witnesses. It appears to have been executed October 16th, 1869, and recorded April 7th, 1870.

This instrument was offered to show title in Oba and Wm. S. Brown to the land which it stated was given to

them. The sole question in the case is, whether it was a deed or merely a testamentary paper. To determine this we must look to the time it was to take effect. If it vested title immediately, it was a deed; if no interest was to pass until the death of the donor, it was not a deed, but was testamentary in its character. Taking the whole of the instrument together, it is clear that it vested title in these parties immediately, though enjoyment of the property was postponed until the maker's death. If there is any ambiguity in the instrument as to the time it was to take effect, it results merely from that part which states that the maker gives the land "at and after her death"; but in the same clause this language is expressly qualified and its meaning put beyond question. It is explained as meaning that she gives it to them "*now*," and reserves "*only*" her "life-estate in the same." The language last quoted is not repugnant to that which precedes it, but is simply explanatory, and the whole constitutes but one clause. The rule as to repugnant clauses is therefore inapplicable. This language, moreover, is consistent with the preamble of the instrument, in which is recited the intention of the maker's husband as to the disposition of the property at his own death, and her purpose to carry that intention into effect. The retention of the land by the donor for life did not render the paper testamentary; on the contrary, the reservation of a life-estate, and that estate "only," indicates an intention to pass the remainder interest immediately. Why should she reserve a life-estate, and why should she state that she reserved that "only," if the paper was to have no effect and convey nothing at all until her death? See *Dismukes* v. *Parrott*, 56 *Ga.* 513. Besides, the intention to convey a present interest, and the carrying into effect of that intention, is evidenced in some degree by delivery; and as this paper comes from the donees, and states that it was delivered

in the presence of the attesting witnesses, and appears to have been duly recorded, we must assume, in the absence of any evidence to the contrary, that it was in fact delivered. For these reasons we hold that the court below did not err in admitting the instrument in evidence as a deed. See also: *Daniel* v. *Veal*, 32 *Ga.* 589; *Bass* v. *Bass*, 52 *Ga.* 531; *Williams* v. *Tolbert*, 66 *Ga.* 127; *Youngblood* v. *Youngblood*, 74 *Ga.* 614; *White* v. *Hopkins*, 80 *Ga.* 154; *Seals* v. *Pierce*, 83 *Ga.* 787.

*Judgment affirmed.*