## GOFF *v.* DAVENPORT.

1. An instrument executed in the form of a warranty deed, purporting to be upon a valuable consideration, and which conveys to the grantee therein named the premises described, to have and to hold to "him said [grantee], his heirs and assigns, together with all the stock and household and kitchen furniture, with all the implements that may be on the premises, together with any other property that may be on the place at the said William E. Goff's [the grantor] and Ruthy Goff's his wife's death, to the same in any manner belonging, to him and their own proper use, benefit and behoof, forever in fee simple," is a deed and not a will, and conveyed to the grantee the legal title in fee *in presenti*, with the right of possession and enjoyment postponed to the death of the grantor and his wife, or the survivor of them.
2. Where an execution against the grantee in such a deed was levied upon the property conveyed, and a claim was filed by the wife of the grantor, she being the survivor, the court erred in directing a verdict subjecting the entire estate.

July 15, 1895. By two Justices.

Levy and claim. Before Judge GAMBLE. Washington superior court. September term, 1894.

HARRIS & RAWLINGS, for plaintiff in error.

ATKINSON, Justice.

An execution from a judgment of September 4th, 1893, against John Goff, was levied on certain land, which was claimed by Mrs. Ruthy Goff. The property was found subject, and the claimant excepted to the ruling of the court, which was to the effect that the instrument dated January 9th, 1885, in which William E. Goff was grantor, and John Goff was grantee, was a deed and not a will, and that it was not so far ambigu-

ous as to authorize claimant to introduce parol evidence that the grantor intended to reserve a life-estate in the land conveyed by that instrument and now under levy, to himself and his wife, Mrs. Ruthy Goff. William E. Goff died in possession of the land, and John Goff is his son. The instrument in question is in the following form, to wit:

"State of Georgia, Washington County. This indenture made this the 9th day of January in the year of our Lord one thousand eight hundred and eighty-five, between William E. Goff, of the State of Georgia and County of Washington, of the one part, and John Goff, of the same place, of the other part, witnesseth, that the said William E. Goff, for and in consideration of the sum of two thousand two hundred dollars to him in hand paid at and before the sealing and delivery of these presents, the receipt whereof is hereby acknowledged, hath granted and bargained, sold and conveyed, and by these presents doth grant, bargain, sell and convey unto him the said John Goff, his heirs, executors, administrators and assigns, all that tract or parcel of land situate, lying and being in the County of Washington, State aforesaid, on the waters of the Ohoopie creek, containing one hundred, thirty-one and one half acres of land, more or less, it being a part of a tract of land known as the Kincher W. Massey, deceased, land, adjoining S. H. B. Massey on the west, S. H. B. Massey on the north, Alexander Goff on the south and others. To have and to hold said tract of land unto him said William E. Goff, his heirs and assigns, together with all the stock and household and kitchen furniture, with all the implements that may be on the premises, together with any other property that may be on the place at the said William E. Goff's and Ruthy Goff's his wife's death, to the same in any manner belonging, to him and their own proper use, benefit and behoof, forever in fee simple. And the said William E. Goff, for himself, his heirs, executors and administrators, the bargained premises to the said John Goff, his heirs and assigns, will warrant and forever defend the right and title against themselves, and against the claims of all other persons whomsoever.

In witness whereof, the said William E. Goff hath here-
unto set his hand and affixed his seal the day and year
above written.                        William E. Goff.
Signed, sealed and delivered in presence of
L. G. Davis,
W. P. Davis, J. P."

The question involved in this case turns upon the
construction which will be placed upon the paper, a copy
of which is set forth above, and whether it shall be held
to be testamentary in its character, or a deed to take ef-
fect *in presenti*, with enjoyment and possession postponed
until the happening of a future event. We have little
difficulty in reaching the conclusion that the paper is a
deed and not a will. It is in the form of a deed, ex-
pressly upon a valuable consideration, and executed in
accordance with the provisions of the law touching the
execution of deeds. In matter of form then, it is a
deed, and we think a close examination of it will dis-
close that it is in substance a deed. It conveys to John
Goff the fee to this property, but postpones until after
the grantor's death and the death of his wife, Ruthy
Goff, the possession of the estate conveyed. We think
this is the manifest intention, clearly though not artis-
tically expressed. It was the evident purpose of this
grantor to reserve to himself and his wife during their
natural lives, and to the survivor of them, the right to
the enjoyment of this property with remainder over to
John Goff. The conclusion that this was the grantor's
intention is supported by the fact that, though the deed
was made for some time before that event transpired,
the grantor until his death actually remained upon and
in possession of the premises conveyed. Supported by
this circumstance alone, we have no difficulty in arriv-
ing at the conclusion that after the death of William E.
Goff, his wife Ruthy Goff was entitled to retain the
possession of the property, under the reservation ex-
pressed in the deed, until her death. Until that event

transpired, John Goff took no such title as would enable his creditors to subject the entire property, including the life-estate, to his debts.   We think, therefore, the court erred in directing a verdict subjecting the entire estate.                              *Judgment reversed.*