## WYNN *v.* WYNN *et al.*

A paper in form a warranty deed and executed as such is not testamentary in character, notwithstanding it contains a clause in the following language: "To have and to hold the above-described premises to the said Bryant P. Wynn of the second part, his heirs and assigns, to be his at my death and the death of my wife, Elizabeth Wynn."

Argued November 8, — Decided November 26, 1900.

Complaint for land. Before Judge Hart. Wilkinson superior court. April term, 1900.

*J. W. Lindsey* and *F. Chambers*, for plaintiff in error.
*Evans & Evans*, contra.

Cobb, J. The record in this case presents a single question for decision: Is the paper therein contained a deed or a will? While the question is single, it is by no means simple. The paper was in form, except as hereinafter alluded to, a warranty deed, and was executed in the presence of two witnesses, one of whom was a justice of the peace. The only language in the instrument which would not ordinarily be found in a warranty deed was that quoted in the headnote. There have been many cases before this court in which the question to be determined was whether the paper under consideration was a deed or a will. In the following cases the instruments, though having some of the characteristics of a deed, have been held nevertheless to be testamentary in character: *Hester* v. *Young*, 2 *Ga.* 31; *Mallery* v. *Dudley*, 4 *Ga.* 52; *Cravy* v. *Rawlins*, 8 *Ga.* 450; *Symmes* v. *Arnold*, 10 *Ga.* 506; *Johnson* v. *Yancey*, 20 *Ga.* 707; *Brewer* v. *Baxter*, 41 *Ga.* 212; *Arnold* v. *Arnold*, 62 *Ga.* 628 (4); *Sperber* v. *Balster*, 66 *Ga.* 317; *Blackstock* v. *Mitchell*, 67 *Ga.* 768; *Johnson* v. *Sirmans*, 69 *Ga.* 617; *Ward* v. *Campbell*, 73 *Ga.* 97; *Barnes* v. *Stephens*, 107 *Ga.* 436. In the following cases the papers were declared to be deeds: *Moye* v. *Kittrell*, 29 *Ga.* 677; *Johnson* v. *Hines*, 31 *Ga.* 720; *Daniel* v. *Veal*, 32 *Ga.* 589; *Dismukes* v. *Parrott*, 56 *Ga.* 513; *Williams* v. *Talbot*, 66 *Ga.* 127; *Youngblood* v. *Youngblood*, 74 *Ga.* 614; *White* v. *Hopkins*, 80 *Ga.* 154; *Seals* v. *Pierce*, 83 *Ga.* 787; *Worley* v. *Daniel*, 90 *Ga.* 650; *Owen* v. *Smith*, 91 *Ga.* 564; *Goff* v. *Davenport*, 96 *Ga.* 423; *Guthrie* v. *Guthrie*, 105 *Ga.* 86; *Gay* v. *Gay*, 108 *Ga.* 739.

While all the cases in which a question similar to the one now

before us was involved are perhaps not cited above, a sufficient number of decisions are cited to show what rule has been applied by the court in ascertaining how a paper of the character now under consideration should be classed. It must be conceded that in the earlier cases the tendency of the court was to declare such papers testamentary in character; but from the date of the decision in *Moye* v. *Kittrell*, supra, the tendency has been to give the paper that construction which would make it operative; Judge Lumpkin saying in the opinion in that case, that, " If the words were doubtful, we should incline to that construction which would support the instrument. And this can be done only by holding it to be a deed. For as a will it must fail, wanting the necessary attestation." In *Dismukes* v. *Parrott*, supra, it was held: "An instrument, in form a deed of gift and well attested as such, but not legally attested as a will, so that it would wholly fail of effect if construed to be testamentary in its character, should, if very doubtful in its terms with reference to the time of vesting the estate, be classed as a deed and not as a will." See also *Owen* v. *Smith*, supra. The rule laid down in the 29 *Ga.*, and followed in the other cases cited in immediate connection therewith, has been steadfastly adhered to, and wherever the language of the instrument was such as to make it doubtful whether it was to take effect in presenti and be operative as a deed, or was not to take effect until after the death of the person signing the same and hence testamentary in its character, the doubt has uniformly been resolved in favor of that construction which would make the instrument operative, and if attested as a deed it was held, in such a case, to be the intention of the maker that it should take effect as a deed. This principle was applied in the case of *Goff* v. *Davenport*, supra, where it was held that an instrument executed in the form of a warranty deed and which conveys to the grantee therein named the premises described, to have and to hold, together with certain other described property which may be on the premises, "at the said William E. Goff's [the grantor] and Ruthy Goff's his wife's death," is a deed and not a will, and conveyed to the grantee the legal title in fee in presenti, with the right of possession and enjoyment postponed to the death of the grantor and his wife. In *Gay* v. *Gay*, supra, the paper contained the following language: " I [grantor] have given, granted, bargained and sold at my death [described land], to have and to hold the aforesaid tract or lot of

land at and after my death." As above stated, the paper was construed to be a deed.

Applying the rule deducible from the decisions above cited, which have been followed by this court in its later adjudications, the paper now under consideration was a deed and not a will.

*Judgment reversed. All concurring, except Lewis, J., absent.*