### DUMAS *v.* BARRON, administrator.

1. An instrument recited, that the maker of it was indebted to certain named persons; that the son of the maker, in order to secure such debt, had executed and delivered to the creditors his two promissory notes, and a deed to land to secure them, taking their bond for reconveyance; and that the maker of the instrument was petitioning for a discharge in bankruptcy; and agreed that the maker would convey to his son such land as might be set apart to him as a homestead in bankruptcy, for the purpose of paying off and discharging the debt incurred by the son, "should he have to pay the same, or for the better securing him from

all loss or damage by reason thereof." *Held,* that such instrument conveyed no title, but was merely an agreement to secure the son against loss, by making him a conveyance; and after the death of the maker, upon application by the administrator to sell the land, the instrument furnished no basis for the interposition of a claim by the son.

2. Parol evidence that, some thirty years before the interposition and trial of the claim, the father made a deed to the son, with no production of the deed or proof of its terms, except a statement that, when it was made, the bond for title was mentioned, and the father asked the draftsman to make it "so as to sustain" the son from all loss, but with no evidence that the son ever suffered any loss, or that the danger thereof still existed, and with no possession in him, was not sufficient to show ownership of the land by him, and to prove that the land was not subject to sale by the administrator of the father.

3. Possession in the administrator being admitted, and the claimant having assumed the burden of proof, and having failed to carry it, there was no error in directing a verdict against him.

Submitted February 8,—Decided May 19, 1908.

Claim. Before Judge Lewis. Jones superior court. April 16, 1907.

Barron, as administrator of Edmund Dumas, filed his petition in the court of ordinary to sell land of the intestate, and obtained leave to sell. A claim was interposed by J. F. Dumas, and the case was returned to the superior court for trial. The claimant tendered in evidence the following instrument: "Georgia, Bibb County: Whereas I, Edmund Dumas, of the county of Jones and State aforesaid, am indebted to D. Flanders and Son in the sum of seventeen hundred dollars, and to secure the payment of which my son, J. F. Dumas, has this day executed and delivered to D. Flanders and Son his two promissory notes to become due as follows: one note for five hundred dollars to become due on the first day of January, 1875, or if not paid at that time then to be paid January 1st, 1876, and the other of said notes for twelve hundred dollars due January 1st, 1876, and whereas the said J. F. Dumas has made and executed to D. Flanders and Son his deed of indenture of this date, conveying to said D. Flanders and Son to secure said debts, conveying that certain lot of land [describing it], and whereas the said D. Flanders and Son have executed to said J. F. Dumas their bond for titles conditioned to reconvey said land to said J. F. Dumas upon payment by said Dumas of his said two promissory notes. And whereas the said Edmund Dumas is now petitioning for his discharge in bankruptcy, which said petition is

now pending in the District Court of the United States for the Southern District of Georgia, by reason of which the said Edmund Dumas is not now able to secure said J. F. Dumas on the two said promissory notes, now in consideration of the premises I, Edmund Dumas, do bind myself, my heirs, executors, and administrators, before my discharge in bankruptcy, to convey by good and sufficient conveyance the land that may be allowed and set aside as a homestead for me, to the said J. F. Dumas or his assigns, for the purpose of paying off and discharging said debt incurred on my behalf, should he have to pay the same, or for the better securing him, the said J. F. Dumas, from all loss or damage whatever by reason of the assumption of said debt for me by the said J. F. Dumas. In witness whereof I have hereunto set my hand and seal, this the 27th day of May, 1874. [Signed] Edmund Dumas (L. S.). Signed, sealed, and delivered in presence of Isaac Hardeman; N. E. Harris, N. P. Bibb Co., Ga." The presiding judge held, that this was not a bond for title to any specified land, but was an agreement to make a conveyance to secure J. F. Dumas against loss; and that the paper was inadmissible. Certain other evidence was offered, some of which was admitted and some rejected. The court directed a verdict in favor of the administrator, and the claimant excepted.

*J. C. Barron* and *E. T. Dumas Jr.,* for plaintiff in error.

*Johnson & Johnson,* contra.

LUMPKIN, J. (After stating the foregoing facts.)

1. The paper executed by Edmund Dumas to J. F. Dumas, which was offered in evidence and rejected, was not, strictly speaking, a bond for title, agreeing to convey some particular land for a consideration or upon the happening of some event. It may be said to have been in the nature of a bond for title, or somewhat similar to such a bond, in that it agreed for the making of a conveyance. It did not contract to convey a title absolutely, but only to secure the son of the maker of the instrument against loss on account of a certain debt of the maker, for which the son had given his own notes, and which he had secured with his own property. It described no particular land, but agreed to convey the land which might be allowed and set apart to the maker as a homestead in bankruptcy. Evidently such a paper conveyed no title to any land, and furnished no reason why the land advertised for sale by the

administrator should be held not subject, or why the claim inter-
posed thereto should be sustained. It is immaterial that the court
ruled that the paper was inadmissible. If admitted, it showed no
title.

2. The bill of exceptions states, that a witness for the claim-
ant "then testified as to the execution of a deed by Edmund Dumas
to J. F. Dumas to the land in dispute," and that the court ruled,
"I hold that this proof does not establish any title and is irrele-
vant;" and that the claimant excepted to such ruling. This is
no sufficient exception to ruling out any particular evidence. In
another part of the bill of exceptions is set out certain evidence of
the witness named, to the effect that more than thirty years before
that time he saw his father execute a deed to the claimant; that it
conveyed in the neighborhood of seven hundred acres of land, "and
was the same land that was set aside by the bankrupt court." It
is then stated that the court ruled out this evidence as irrelevant;
but no exception is taken or assignment of error made in that con-
nection. If these two parts of the bill of exceptions can be tacked
together, so as to make the assignment of error apply to the ruling
out of the evidence last mentioned, there was no error in the ruling.
The witness did not state any of the terms of the deed, or that it
was delivered. There was no evidence of the loss of whatever deed
was made, but the objection does not seem to have been based on
that ground. The only indication as to its terms of conveyance
was the statement of the witness that "when my father made the
deed, the bond for title was mentioned, and he asked Colonel
Hardeman to draw the deed so as to sustain J. F. Dumas from
all loss;" and that J. F. Dumas asked Col. Hardeman if he was
safe in the transaction, and the latter said he would put Dumas
in possession at the death of his father and mother, without fee.
This was not sufficient to show title to the property out of the
intestate. At most it tended to show that more than thirty years
previous to the trial, the decedent had made some sort of instru-
ment for the purpose of securing the claimant against loss on
account of a certain indebtedness which the claimant had secured
by a conveyance of his property. There was nothing to indicate
whether any such loss occurred, or whether the liability was still
existing after a lapse of time covering almost a generation. The
claimant admitted that the administrator was in possession of the

land, and assumed the burden of proof. He entirely failed to carry it.

It is stated, in the bill of exceptions, that the claimant offered in evidence "the bankruptcy proceedings, and more especially the homestead set aside in bankruptcy to Edmund Dumas, and identified the land set aside as a homestead as the land deeded by Edmund Dumas to J. F. Dumas, and as being the land in dispute." It is stated that the plaintiff objected to this evidence as irrelevant, and that the court ruled, "I do not think that would be relevant. Under the view I take of the first paper offered, I will have to direct a verdict for the plaintiff." This somewhat vague statement does not raise any distinct ruling as to any particular evidence, nor show what it was or why it was ruled out.

3. The court directed a verdict for the administrator. Under the evidence, we do not see that he could have done otherwise. An agreement by a man to secure another against loss in a particular transaction by a deed to real estate, without more, furnishes no good reason why the administrator of the person making such agreement should be stopped from selling the land more than thirty years later. *Judgment affirmed. All the Justices concur.*