### CALDWELL *v.* CALDWELL.

To constitute a conveyance of land there must be sufficient words showing an intention to grant a present estate.

OCTOBER 15, 1913.

Complaint for land. Before Judge Maddox. Floyd superior court. October 9, 1912.

*M. B. Eubanks,* for plaintiff.

*J. M. Hunt* and *Barry Wright,* for defendant.

EVANS, P. J. The action was complaint for land by N. M. Caldwell, as administrator · of J. W. Caldwell, against Mrs. Nannie Caldwell. It appears from the record that the locus in quo belonged to John W. Caldwell, and the plaintiff, as his administrator, was entitled to recover it, unless his intestate had conveyed it to the defendant. The paper relied upon as a conveyance of the property is as follows: "State of Georgia, Floyd County: This indenture made this 16th day of August, 1904, between J. W. Caldwell of the one part, and Mrs. Nannie E. Caldwell, his wife, of the other part, for the consideration of love and con[af]fection does will all the tract or parcel of land as follows, twenty acres of land in the South west corner of lot # 52 in 22nd and third district of Georgia. I will that Mrs. Nannie E. Caldwell hold the pond and ginnery on said lot of land. Also twenty acres off of lot 21 in the South East corner of said lot. I will the line of Mrs. Nannie E. Caldwell go to the railroad. In testimony whereof the said party of the first part has hereunto set his hand and seal the day and year above written. [Signed] John W. Caldwell. [Witnesses] B. C. Hucks. S. G. N. Cates, J. P."

The court was of the opinion that such paper was an effective

conveyance of the land therein described, which embraced the locus in quo; and directed a verdict for the defendant. Exception is taken by the administrator, on the ground that the paper under which the defendant claims title is not a deed, and is ineffective as a conveyance of title to the premises in dispute.

It may be that the maker intended to execute a deed of the land to his wife, but he signally failed in selecting apt words of conveyance. The office of a deed is to convey title in presenti, and this can not be accomplished without the use of language indicating an intention to transfer title. The provision of the Civil Code, § 4182, that no prescribed form is essential to the validity of a deed, does not dispense with the necessity of using language indicating an intention of the maker to convey a present estate in specific land to a named grantee. *Horton* v. *Murden,* 117 *Ga.* 72 (43 S. E. 786). The maker of this paper did not use any word indicating an intention to convey a present estate to his wife. The words that he "does will" the land to his wife mean that he gives it to her at his death; it is the expression of a testamentary act. There is nothing in this paper which can make it effectual as a conveyance of property; and as the defendant's title was dependent on this paper as a deed conveying title from her husband to herself, it follows that the direction of a verdict in her favor was erroneous.          *Judgment reversed. All the Justices concur.*