## TYSON et al. v. HUTCHINSON.

1. An instrument witnessing that the grantor, "for and in consideration of the natural love and affection she has for her brother, said William Hutcheson, that she desires at her death to give, grant, and convey to the said William Hutcheson if living at her death, and if he should not be living at her death then to her other two brothers, Pharo Hutcheson and John Hutcheson, if they should be living, and if they should not be living then to their lawful children, and if the said William Hutcheson is living at her death to have and to hold" a described tract of land, "together with all the rights and privileges thereunto belonging, after her death, forever in fee simple," though attested as a deed, conveys no present estate and is testamentary in character.

2. Under the facts of this case the trial judge erred in directing a verdict for the defendant.

No. 5745.   September 7, 1927.

Petition for partition, etc.   Before Judge Hardeman.   Emanuel superior court.   October 12, 1926.

Mrs. Mary Tyson and others filed a petition against Pharoah Hutchinson, praying for partition of certain described real estate, and that a certain described instrument be canceled as a cloud upon their title.   They allege that petitioners and defendant are the heirs at law of Sallie Hutchinson, who died on February 23, 1926, in possession of the described realty; that the defendant claims the entire interest in said land by reason of a purported deed attached to the petition, but petitioners aver that such paper is not a deed but is testamentary in character, and that it·is not a valid will, for the reason that same is attested by only two witnesses, and therefore, the paper being void as a will, and not being a deed, petitioners and defendant are tenants in common of the land.

The paper referred to is as follows:  "State of Georgia, Emanuel County.   This indenture made the 25th day of April in the year of our Lord  one thousand nine hundred and six, between Salla Hutcheson of the one part, and William Hutcheson of the other part, of said county and State aforesaid, witnesseth that the said Salla Hutcheson, for and in consideration of the natural love and affection she has for her brother, said William Hutcheson, that she desires at her death to give, grant, and convey to the said Will-

Deeds, 18 C. J. p. 149, n. 46, 47.

Trial, 38 Cyc. p. 1578, n. 37.

Wills, 40 Cyc. p. 1085, n. 43, 44; p. 1086, n. 47; p. 1088, n. 58.

iam Hutcheson, if living at her death, and if he should not be living at her death then to her other two brothers, Pharo Hutcheson and John Hutcheson, if they should be living, and if they should not be living then to their lawful children, and if the said William Hutcheson is living at her death to have and to hold until his death, then to Pharo Hutcheson and John Hutcheson if they should be living, and if they should not be living then to their lawful children, if any, all that tract or parcel of land [describing it] containing sixty-nine acres, more or less, together with all the rights and privileges thereunto belonging, after her death, forever in fee simple. In witness whereof the said Salla Hutcheson has hereunto set her hand and affixed her seal, the day and year first above written." This paper was duly signed, was witnessed by two persons, and was recorded on March 16, 1926.

In answering the petition the defendant denied that the plaintiffs' had any right, title, or interest in the premises, and averred that Sallie Hutchinson was not in possession of the land at the time of her death, but on the contrary that defendant was in possession of the land under and by virtue of the deed described in the petition, and Sallie Hutchinson was living with the defendant. The evidence for the plaintiffs was, in substance, that the defendant and another person had gone to the ordinary, seeking advice regarding the probating of a will, and were advised to see an attorney, which they did, and in the afternoon of the same day the paper was filed for record, being that above set forth; that Sallie Hutchinson and the defendant lived on this place for a few months before her death, and had moved away only a, short time before she died; that this property was the only property she owned or was in possession of for several years before her death. The plaintiffs introduced in evidence the document above quoted. The defendant introduced no evidence, and moved for a directed verdict in his behalf, which motion the court granted. The plaintiffs excepted to this ruling.

*Alfred Herrington Jr.,* for plaintiffs.

*I. W. Rountree,* for defendant.

RUSSELL, C. J.   The question presented for decision in this case is whether the instrument set forth in the statement of facts is a deed or an instrument testamentary in character.   Many cases throwing light upon this subject could be cited.   In *Wynn* v. *Wynn,*

112 *Ga.* 214 (37 S. E. 378), Mr. Justice Cobb cited many cases holding instruments to be testamentary in character, and other cases declaring the papers in question to be deeds. The question was fully discussed by Mr. Justice Gilbert in *Collier* v. *Carter,* 146 *Ga.* 476 (91 S. E. 551, 11 A. L. R. 1), and again by Mr. Presiding Justice Beck in *Crawford* v. *Thomas,* 150 *Ga.* 435 (104 S. E. 211). In the majority of the cases heretofore decided the question has been made easier of solution, on account of the instrument under review being in the form of a warranty deed, the doubt as to the character of the instrument in these cases resulting from the use of words importing that the instrument should become effective "after the death of" the grantor. In the prior adjudications reference has been made to the modern tendency to so construe the instrument as to make the same operative, if such construction can be gathered from the terms employed and the circumstances surrounding the execution of the paper. We think this policy sound. However, while no prescribed form is essential to the validity of a deed (Code, § 4182), this provision does not dispense with the necessity of using language indicating an intention of the maker to convey a present estate in specific land to a named grantee. *Caldwell* v. *Caldwell,* 140 *Ga.* 736, 737 (79 S. E. 853). It is declared by section 3828 (Code of 1910) that "If such intention [of the maker] is to convey a present estate, though the possession be postponed until after his death, the instrument is a deed; if the intention be to convey an interest accruing and having effect only after his death, it is a will." Without further citation of authority it may be stated that in all the cases examined it has been recognized that in order for an instrument to be effective as a deed it is necessary that the paper pass title in presenti, though it is likewise settled that possession or enjoyment under such title may be postponed until the death of the maker of the instrument or even others named by him. It will be observed that the instrument under consideration in the present case, while it is in the manner prescribed for a deed of gift, does not purport to actually convey a present estate to any positively designated grantee. The words of the paper under consideration are that Salla Hutcheson, in consideration of the natural love and affection she has for her brother William Hutcheson, *"desires at her death to give,* grant, and convey to the said William Hutcheson, *if living at the time*

*of her death,"* and if he be not then in life, to her named brothers, "if they should be living," and if they be not then in life, "then to their lawful children, and *if the said William Hutcheson is living at her death, to have and to hold"* the described tract of land "together with all the rights and privileges thereunto belonging, after her death, in fee simple." The force of the habendum clause of the paper is dependent upon William Hutcheson being alive at the death of the maker of the instrument. Here is no warranty deed, or other deed, by which the grantor grants, bargains, sells, and conveys, or by which she gives and conveys, with possession postponed until after her death, but merely an expression of a *"desire* at her death to give, grant, and convey." The instrument does not evidence even a present gift to take effect after the death of the donor, but rather the expression of a present desire to make a gift in the future, that is, at the death of the donor. The words "desires at her death to give" constitute a testamentary expression, and do not evidence an intention to convey a present title. See *Caldwell* v. *Caldwell,* supra. Furthermore, title can not pass eo instanti to the grantee upon the execution of the paper, for it is provided that he or they must be "living at her [grantor's] death." This leaves the question as to who is the grantee incapable of ascertainment until the death of the grantor, when the title would pass to the named party or parties then in life capable to take in accordance with the terms of the paper. It is our opinion that these provisions clearly negative any intention on the part of the maker of the instrument to pass a present title. As stated in *Crumley* v. *Scales,* 135 *Ga.* 300, 306 (69 S. E. 531), precedents, or adjudged cases, are of but little authority and of dangerous application in deciding the intention of the maker of an instrument, and each case must be adjudged according to its respective facts. In the present instance, though we recognize the force and propriety of the rule which requires that each instrument be construed so as to make the same operative, provided such construction is reasonable, under the terms of the instrument now involved we think it apparent that the paper is testamentary in character, and is not a valid deed. The paper is ineffectual as a will, because not properly attested. Under the evidence introduced by the plaintiffs in the lower court, which included the instrument now in question, the plaintiffs showed at least a prima facie right to recover

the property as prayed, and the trial judge therefore erred in directing a verdict for the defendant.

*Judgment reversed. All the Justices concur.*