## CITIZENS' & SOUTHERN NAT. BANK v. UNITED STATES.
### No. 423.

District Court, S. D. Georgia, Augusta Division.
March 25, 1933.

Wright, Jackson & McClure, of Augusta, Ga., for plaintiff.

Chas. L. Redding, U. S. Atty., of Savannah, Ga., and C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and F. F. Korell, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C.

BARRETT, District Judge.

George R. Lombard died testate on April 19, 1929. On September 6, 1922, he executed an instrument in the form of a warranty deed, which was duly recorded on June 16, 1924, to certain land, the material parts of which instrument are as follows:

The consideration is "the love and affection that he has for his wife, Martha S. Lombard." The granting clause is "give, grant, bargain, sell, release and convey unto the said Martha S. Lombard, her heirs and assigns."

The habendum clause is as follows: "To have and to hold the lot of land and premises aforesaid, together with all and singular, the rights members, easements and appurtenances thereto belonging, or in any wise appertaining, unto the said Martha S. Lombard, her heirs and assigns, forever in fee simple, from and after the death of the said George R. Lombard, who hereby reserves unto himself, a life estate in said property, together with the use, control and income thereof, for and during his natural life; the intent and purpose of this conveyance being to vest the titles to the lot of land and premises aforesaid, in the said Martha S. Lombard, her heirs and assigns, from and after the decease of the said George R. Lombard."

The warranty clause is in the usual form, with this included: "* * * From and after the death of the said George R. Lombard, against the lawful claims of all persons whomsoever."

The deed contained also the following paragraph: "This conveyance is made subject to the right hereby reserved, unto the said George R. Lombard and Martha S. Lombard, jointly, to sell and convey the lot of land and premises aforesaid, at any time during the life time of the said George R. Lombard, by mutual agreement between themselves; and a deed for said property, signed and executed by both said George R. Lombard and Martha S. Lombard, shall vest a good and indefeasible title in fee simple, in the purchaser, and his heirs and assigns forever; and such purchaser shall not be required to look after the disposition of the purchase money from said property, which may be disposed of by said George R. Lombard and Martha S. Lombard, in such manner as they may desire."

The Citizens' & Southern National Bank, as executor of the last will and testament of George R. Lombard, was required to pay an estate tax upon the property covered in the said instrument. This suit is to recover said tax.

The claim of the government for such tax is based on section 302 of the Revenue Act of 1926 (26 USCA § 1094), and that portion of subsection (c) reading as follows: "To the extent of any interest therein of which the decedent has at any time made a transfer, by trust or otherwise, in contemplation of or intended to take effect in possession or enjoyment at or after his death."

The sole question to be answered is: Is said land subject to the tax under the aforesaid section?

We may first inquire whether said instrument was under the laws of Georgia testamentary in character or a deed.

The government relies on the following decisions of the Supreme Court of Georgia to sustain its contention that said instrument is testamentary in character: Donald v. Nesbit, 89 Ga. 290, 15 S. E. 367, 368; Baxter v. Chapman, 147 Ga. 438, 94 S. E. 544; and Tyson v. Hutchinson, 164 Ga. 661, 139 S. E. 519. An examination of these authorities discloses that in the first is the language: "But in no event is this deed to go into effect until after my death"; in the second we find: "* * * It is further distinctly understood by these presents that this deed of conveyance is not to take effect until after my death"; and in the third the grantor "desires at her death to give, grant, and convey to the said

William Hutcheson [her brother], if living at her death, and if he should not be living at her death then to her other two brothers, Pharo Hutcheson and John Hutcheson, if they should be living, and if they should not be living then to their lawful children." It thus affirmatively appears in each of the instruments therein under consideration that the instrument itself was not to be effective until the death of the grantor.

On the contrary, there is a long line of authorities to the effect that, when an instrument executed, especially when executed in the form of a deed and which cannot be effective as a will (under the law of Georgia a will requires three witnesses, while a deed to land generally has two), takes effect eo instanti, it is a deed, and is not testamentary in character. Moye v. Kittrell, 29 Ga. 677; Johnson v. Hines, 31 Ga. 720; Dismukes v. Parrott, 56 Ga. 514; Wynn v. Wynn, 112 Ga. 214, 37 S. E. 378; West v. Wright, 115 Ga. 277, 41 S. E. 602.

A fair interpretation of the instrument in question is that the grantor manifestly intended that the instrument should be immediately effective for the purpose of vesting in the grantee everything in connection with the said property except that which was specifically retained by the grantor for and during his lifetime. At the death of the grantor, the life estate terminated, but nothing further was granted to the grantee than what she already had.

It is suggested that, because of the following nominal reservation, the title to the property was still in the grantor, namely: "This conveyance is made subject to the right hereby reserved, unto the said George R. Lombard and Martha S. Lombard, jointly, to sell and convey the lot of land and premises aforesaid, at any time during the life time of the said George R. Lombard, by mutual agreement between themselves."

This seems to me redundant and to do no more than express what was already established; namely, that there being a life interest in George R. Lombard and the remainder interest in fee in Martha S. Lombard, the entire fee could be sold by both of them joining in the conveyance. Even, however, if it were a reservation, it would not prevent the then passing of the title, in view of the decision of the Supreme Court of the United States in Reinecke v. Northern Trust Co., 278 U. S. 339 (3), 49 S. Ct. 123, 73 L. Ed. 410, 66 A. L. R. 397.

It is further urged that, because of the following language in the habendum clause,

it is manifest that the grantor intended the instrument to be testamentary in character: " * * * The intent and purpose of this conveyance being to vest the 'titles' to the lot of land and premises aforesaid, in the said Martha S. Lombard, her heirs and assigns, from and after the decease of the said George R. Lombard."

Such a construction is in positive contradiction to the granting clause; also to the last-quoted clause which authorized a conveyance in fee simple by the grantor and grantee uniting in the conveyance, and by the entire context of the deed, which manifests that the grantor was parting with all property rights at the time of the execution of the deed other than what he affirmatively stipulated remained in him. In my opinion, it was no more than a declaration of what he considered was the result of the instrument executed, namely, that, while during his life his wife would have only a remainder interest in the property by virtue of said instrument, after his death she would have the absolute fee-simple estate or, as he calls it, "titles."

If there be doubt as to the foregoing construction of the said instrument, the intention of the grantor is again manifested by the following portion of his will, which was dated August 3, 1928: "Also I have paid for and deeded to my wife Martha Swindell Lombard the house at #2104 Gardner Street and the furniture and household goods where we now live; reserving however to myself the life interest and control of the same so long as I shall live which gives her full use, control and right to dispose of and use the same as she sees fit after my decease."

But it is urged that taxability is different and more liberally to be construed in favor of the government than the technical question of title, and that therefore, because it is manifest that the said instrument contemplates that it is "intended to take effect in possession or enjoyment at or after his death," this property was part of the grantor's estate at the time of his death and is taxable. Analyses or quotations from three recent decisions of the Supreme Court of the United States which in my opinion confirm the contention of plaintiff that said property was not a part of the grantor's estate at the time of his death, and is therefore not subject to the tax imposed, would be useless. Sufficient is a reference to the said decisions, viz.: Reinecke v. Northern Trust Co., 278 U. S. 339, 49 S. Ct. 123, 73 L. Ed. 410, 66 A. L. R. 397; May v. Heiner, 281 U. S. 238, 50 S. Ct. 286, 74 L. Ed. 826, 67 A. L. R. 1244; Klein v. United States,

283 U. S. 231, 51 S. Ct. 398, 75 L. Ed. 996, and the following memoranda cases: Burnet v. Northern Trust Co., 283 U. S. 782, 51 S. Ct. 342, 75 L. Ed. 1412; Morsman v. Burnet, 283 U. S. 783, 51 S. Ct. 343, 75 L. Ed. 1412; McCormick v. Burnet, 283 U. S. 784, 51 S. Ct. 343, 75 L. Ed. 1413.

That Congress considered that such decisions had the effect hereby declared is evidenced by its promptly thereafter amending such section 302 (c), so that its first clause should read as follows: "(c) To the extent of any interest therein of which the decedent has at any time made a transfer, by trust or otherwise, in contemplation of or intended to take effect in possession or enjoyment at or after his death, including a transfer under which the transferor has retained for his life or any period not ending before his death (1) the possession or enjoyment of, or the income from, the property or (2) the right to designate the persons who shall possess or enjoy the property or the income therefrom. * * *" Approved March 3, 1931, 46 Stats. at Large, p. 1516, c. 454 (26 USCA § 1094 note).

It results that the plaintiff is entitled to a judgment for the amount of the tax paid on the aforesaid property with appropriate interest. Let such a judgment be presented.