26495. DARDEN et al. v. DARDEN et al.

ARGUED APRIL 13, 1971—DECIDED MAY 20, 1971.

*J. Laddie Boatright,* for appellants.

*M. Dale English, Benton Allen,* for appellees.

FELTON, Justice. 1. "'Where a deed, regular on its face, is attacked as invalid, the burden of proof rests on the person making such attack to establish the invalidity.' . . 'In a suit to recover land and to cancel a deed as a cloud upon the plaintiff's title, the burden is upon the plaintiff to make out such case as entitles him to the relief sought.'" *Arrington v. Thompson,* 211 Ga. 734, 737 (88 SE2d 402) and cit. The evidence shows that the property in question was conveyed to the mother prior to her husband's death, by deeds of purchase regular on their face, by her husband and by her daughter, plaintiff Herring. The validity of said deeds is not attacked or attempted to be set aside by the pleadings, although plaintiff Herring testified that no consideration was in fact paid for them. Mrs. Herring is estopped from denying her right to sell and convey the land in question to her mother (*Code* § 29-111) and she testified that, after the deeds were executed, her mother possessed and operated the farm and was the legal owner as far as the witness knew. Therefore, the mother had fee simple title to

the property at the time of her husband's death and at the time she executed the deeds now sought to be set aside, and none of the present parties was a distributee of such property under the will, having as their sole interest merely their possible rights as heirs apparent of the mother, in whom the title was vested.

The sole evidence adduced regarding the mother's competency to convey the property in question was that she was 64 or 65 years old at the time of her husband's death in 1951 and that the deeds sought to be set aside were executed in the years 1952, 1962 and 1966. Her age alone is not sufficient to show that she was non compos mentis, or entirely without understanding, which is required to establish incapacity in a grantor. See *Higgins v. Trentham,* 186 Ga. 264, 267 (197 SE 862). Nor was there any such evidence of the mother's weak mentality and the grantees' dominant position as would raise a presumption of undue influence. See *Parker v. Spurlin,* 227 Ga. 183, 187 (179 SE2d 251) and cit. Fraud may not be presumed. *Code* § 37-706. There is no evidence that the deeds were without consideration, in which case the stated consideration is presumed to have been paid. *Lunsford v. Armour,* 194 Ga. 53 (2) (20 SE2d 594). Furthermore, the grantor mother ratified these deeds, including the issue of consideration, in her verified defensive pleadings.

2. Enumerated as error is the court's sustaining of the appellees' motion to strike from the pleadings all reference to the will of V. F. Darden. It is not clear from the record that such motion was in fact sustained, since evidence as to the will was later admitted. If such ruling was made, however, it was not error, since, as is held hereinabove, the evidence showed that the testator did not own the title to the land in question at the time of his death, making the provisions in the will for distribution of that land irrelevant.

3. Pretermitting the question of whether or not the plaintiffs' amendment to their complaint was ever properly and legally admitted into the pleadings, the alleged agreement, insofar as it appears from the evidence, does not provide a basis for the relief sought by the plaintiffs. As we have already held hereinabove, the title to the land in question was in the mother, Mrs. V. F. Darden. Such an agreement alone cannot convey property in this

State. *Dumas v. Barron*, 130 Ga. 736, 738 (61 SE 710); *Tyson v. Hutchinson*, 164 Ga. 661 (139 SE 519); *Caldwell v. Caldwell*, 140 Ga. 736 (79 SE 853). There was no evidence of any intention to convey a present estate by Mrs. Darden, or of any consideration to her concerning the alleged agreement, hence it was not a binding, enforceable agreement. Furthermore, even if the plaintiffs proved the existence and general terms of the alleged agreement for the purposes of showing the intention of the parties with regard to the disposition of the property and showing that the deeds in question violated the provisions of such family intention, the plaintiffs failed to show with exactness what the boundaries of each share were or give a key which would lead to its identification. Although the alleged agreement was in writing, it was never recorded and was apparently lost. Reference was made to a plat used in drawing up the agreement, which is designated "Plaintiffs' exhibit 3," but this exhibit is not found in the record before this court. For the above reasons, any exclusion of evidence relative to such agreement was not harmful.

The evidence adduced by the plaintiffs failed to support their claim for relief; therefore, the court did not err in directing a verdict for the defendants or in any other ruling enumerated as error.

*Judgment affirmed. All the Justices concur.*