## 27646. BLACK v. POOLE et al.

JORDAN, Justice. This is a dispute involving title to land. The single issue before this court is whether a document is a will or a deed. The paper on its face purports to be a warranty deed of gift from Boaz Calvin Dixon to John Hickman Black and Buford Roy Poole. It contains all of the usual clauses pertaining to a warranty deed, and is duly signed, witnessed, and recorded as a warranty deed. In addition, however, it contains the recitation that it "is a deed of gift effective upon the death of Boaz Calvin Dixon to be and belong to the party of the second part in fee simple." Relying on this clause, the appellant urges that the trial judge erred in declaring "that it is a deed effective to convey to the grantees therein the interest in said property owned and enjoyed by the grantor subject to a reservation by the grantor of a life estate in the

property conveyed." *Held:*

1. While not clear from the record, we assume from statements in the briefs and on oral presentation that facts are known disclosing that the paper would not qualify for probate as a will, even though present law requires only two witnesses. See Code § 113-301, as amended; Ga. L. 1964, Ex. Sess., p. 16 et seq.

2. The test for the issue here involved, as it appears in our Code, "is the intention of the maker to be gathered from the whole instrument, read in the light of the surrounding circumstances. If such intention is to convey a present estate, though the possession is postponed until after his death, the instrument is a deed; if the intention is to convey an interest accruing and having effect only after his death, it is a will." Code § 113-102.

In 1900 Justice Cobb, reviewing numerous precedents in this state involving the issue of whether a paper is a will or a deed, recognized that in the earlier cases it had been the tendency of the court to declare papers purporting to be deeds testamentary in character which contained language indicative of a disposition upon death, but that at least since *Moye v. Kittrell,* 29 Ga. 677, involving a paper executed and recorded as a deed containing the language "said property to go into possession of said heirs at my death" the tendency had been to give the paper the construction which would make it operative as a deed. See *Wynn v. Wynn,* 112 Ga. 214 (37 SE 378). The tendency recognized in *Wynn,* supra, is exemplified by numerous subsequent cases. See *West v. Wright,* 115 Ga. 277 (41 SE 602), involving a deed of gift of realty, stating, "This deed to take effect at my death"; *Kytle v. Kytle,* 128 Ga. 387 (57 SE 748), a deed of gift stating "together with all the rights and privileges thereunto belonging at my death forever in fee simple"; *Isler v. Griffin,* 134 Ga. 192 (67 SE 854), a deed of gift stating "to take effect from and after my

death and the death of my father and my mother, and not until then"; and many other similar cases.

We have carefully reviewed the holding in *Gardner v. Thames*, 223 Ga. 378 (154 SE2d 926), and consider that case distinguishable on its facts, specific emphasis being placed there on the fact that the paper "plainly and repeatedly states that the title shall not vest in the grantee until the grantor's death," thus eliminating any basis for determining the intention of the grantor that title would vest immediately in the grantees, as distinguished from retention of possession until death.

In our opinion the trial judge properly ruled here that the paper is a deed.

*Judgment affirmed. All the Justices concur.*

Submitted January 8, 1973—Decided February 8, 1973.

*Albert H. Dallas,* for appellant.
*Wallace H. Pilcher,* for appellees.