$$\frac{20}{d112} \quad \frac{707}{214}$$

No. 136.—CORNELIUS JOHNSON, administrator, &c. plaintiff in error, *vs.* PHEBE YANCEY, administratrix, &c. defendant in error.

[1.] 　　　　　　" GEORGIA, JASPER COUNTY, July 8, 1855.
Due, at my death, to Haney Johnson, the sum of two thousand five hundred dollars, from the general fund of my estate, as a gift.

Test, LEWIS D. YANCEY, JR.

his
LEWIS ⋈ YANCEY.
mark.

The condition of the above bond or obligation is such, that whereas, for the fidelity and obedience, as well as the natural love and affection that I have for my daughter, Haney Johnson, I donate, in the above manner, what I design for her at my death. Given under my hand and seal the day and year above written.

Test, LEWIS D. YANCEY, JR."

his
LEWIS ⋈ YANCEY.
mark.

*Held*, that this instrument is, in its own nature, and upon its face, ambulatory and revocable during the life of the maker, and must be regarded as testamentary only.

In Equity, in Jasper Superior Court. Decision on demurrer, by Judge HARDEMAN, April Term, 1856.

The only question in this cause, was the character of the following instrument:

" GEORGIA, JASPER COUNTY, July 8, 1855.

Due, at my death, to Haney Johnson, the sum of two thousand five hundred dollars, from the general fund of my estate, as a gift.

LEWIS ⋈ YANCEY.

Test, LEWIS D. YANCEY, JR.          mark.

The condition of the above bond or obligation is such, that whereas, for the fidelity and obedience, as well as the natural love and affection that I have for my daughter, Haney Johnson, I donate, in the above manner, what I design for her at my death. Given under my hand and seal the day and year above written.

LEWIS ⋈ YANCEY.

Test, LEWIS D. YANCEY, JR."          mark.

The Court below held this to be a testamentary paper. This decision is assigned as error.

W. A. LOFTON, for plaintiff in error.

No appearance for defendant in error.

*By the Court.*—LUMPKIN, J. delivering the opinion.

[1.] Is the paper executed by Lewis Yancey a deed, and operative as such?

The doctrine is now too well settled to need argument or authority to sustain it, that an instrument may be in the form of a deed—signed, sealed and delivered as such ; still, if it discloses the intention of the maker respecting the posthumous destination of his property, and is not to operate until after his death, it is testamentary only.

Now this paper purports, palpably upon its face, to be the mode adopted by Lewis Yancey, of giving to Haney Johnson what he designed for her " *at his death*," and which he directed to be paid " out of the general fund of his *estate*."

In the case of *Habergham vs. Vincent*, (2 *Ves. Jr.* 204; *S. C. 4 Bro. C. C.* 355,) Mr. Justice *Buller* said, that the cases had established that a writing in any form, whether a deed, poll or indenture, if the obvious purpose is not to take place till after the death of the person making it, shall operate as a will; and that in one of the cases, there were express words of immediate grant, and a consideration to support it as a grant; but as upon the whole, the intention was, that it should have a future operation after his death, it was considered as a will.

We think there can be no doubt that the judgment of the Circuit Court was correct.