### BLACKSTOCK *et al. vs.* MITCHELL, executor.

A man who held title to a tract of land, his wife joining him, executed a written instrument in the general form of a warranty deed, but conveying the land to a son in the following terms: The grantors have "granted, bargained, sold and conveyed, and do by these presents grant, bargain, sell and convey unto the said Joseph Prater, Jr., his heirs and assigns at our death, free from any claim whatever of our other children," the land described. The same instrument conveyed certain personalty to the same grantee, with the provision that possession should be postponed until the death of the grantors:

*Held*, that as to the realty the instrument was testamentary in character. Code, §2395; 2 *Kelly* 46; 51 *Ga.*, 239; 20 *Ib.*, 707; 55 *Ib.*, 369; 17 *Ib.*, 275.

SPEER, Justice.

---

### VARNADOE *vs.* THE STATE OF GEORGIA.

1. The verdict is amply supported by the evidence.
2. While on a motion for a continuance in a criminal case on the ground of the absence of a witness, the presiding judge should not disbelieve the oath of the defendant as to what such witness will swear, except on the strongest sort of evidence, if at all, yet where the testimony of such witness, if present, would merely be cumulative and would not contradict the testimony for the state on any controlling point in the case, this court will not control the discretion of the presiding judge in refusing a continuance.
3. The venue being proved and there being no denial of it by any witness, there was no error in refusing to charge a hypothesis that it had not been so proved.

JACKSON, Chief Justice.

---

### SIMMS, executor, *vs.* FLOYD.

Where there is no material error in the rulings of the court, and a second verdict is found by the jury, supported by sufficient evidence, and approved by the presiding judge, this court will not interfere with the judgment of the superior court denying a new trial.

JACKSON, Chief Justice.