## WARD *vs.* CAMPBELL, administrator.

1. The test whether a written instrument is a deed or is testamentary in its character is this: If the title vests *eo instanti* at the execution of the paper, it is a deed; but if the same is not to take effect until the death of the maker it is a testament. 2 *Ga.*, 31; 11 *Id.*, 212; 20 *Id.*, 707; Code, §2395; 70 *Ga.*, 152.

(*a.*) An instrument headed, " Deed of Gift," purported to convey in the form of a deed certain realty (describing it); " also all the livestock, household and kitchen furniture, and all moneys due that I may have at my death, after the payment of my just debts and fune. al expenses. This deed of gift to take effect at my death:"

*Held,* that the instrument was testamentary in its character.

2. It was not competent to prove by one of the witnesses to this instrument that the parties intended it as a deed.

(*a.*) Code, §3804, applies only where a contract is of doubtful meaning; but a plain and unambiguous contract cannot be contradicted by parol.

Judgment affirmed.

February 19, 1884.

BLANDFORD, Justice.

[Campbell, as administrator of John T. Thomas, was proceeding to obtain leave to sell certain property as belonging to the estate of his intestate, when the widow of the latter (who had re-married and become Mrs. Ward) filed her claim. On the trial, the jury found the property subject to sale. The question turned upon the construction of the paper set out in the head-notes,—whether it was a will or deed. Claimant moved for a new trial, which was refused, and she excepted.]