## SIMMS v. FREIHERR.

1. Where a trust is raised under which a life-estate is created in favor of a named person, with remainder over to certain other persons falling within and designated only by reference to a class, and upon the death of the life-tenant her personal representative undertakes to convey the fee, himself becoming indirectly the purchaser, upon a bill filed by a person claiming in remainder, for the purpose of reforming the original trust deed to the extent of declaring who was entitled in remainder, only the person who, as the representative of the deceased life-tenant, sold the property and in his own right afterwards became the purchaser, was a necessary party defendant; and a decree in favor of a given person claiming in remainder was binding, not only upon the defendant, but upon all persons claiming through him; and especially is this true as to one who took with notice of the remainder estate.

2. An administrator who, under such circumstances, purchases the property of which his intestate died in possession, acquires no title; and if he attempt to create a lien thereon and the instrument relied upon to create the lien refers, for the purpose of defining the interest of the person executing it, to the original instrument creating the trust, an inspection of which would disclose the existence of an outstanding estate in remainder, the person receiving the lien is charged in law with notice of the adverse claim of the remainderman, and takes subject to his right.

3. Where, as in such a case, the life-estate is extinguished by the death of the life-tenant before the execution of the instrument by which it was sought to create the lien, there was nothing to which it could attach; and therefore, in a contest between the holder of the alleged lien and the tenant entitled in remainder, wherein the former seeks to subject the property to the payment of the debt secured, the latter should have prevailed.

4. No error of law was committed; and the verdict is fully supported, if not demanded, by the evidence.

Argued January 19,—Decided March 22, 1897.

Levy and claim. Before Judge Falligant. Chatham superior court. June term, 1896.

*A. C. Wright,* for plaintiff.

*Isaac Beckett* and *Saussy & Saussy,* contra.

ATKINSON, Justice.

On the 2d day of May, 1866, Margaret Stiles conveyed to Archy Jordan, as trustee, lot No. 34 in North Oglethorpe ward, in the City of Savannah, the same to be held in trust for Diana Jordan, wife of Archy Jordan, for life, and after her death, to such child or children as she might leave at the time of her death, share and share alike, with power to sell for reinvestment. This deed was recorded on May 2, 1866. During the lifetime of Archy Jordan, with the assent of Diana Jordan, he conveyed to U. L. Houston the eastern portion of this lot. Diana Jordan afterwards died in possession of the western portion of the lot, which portion constitutes the premises now in dispute, and U. L. Houston took out letters of administration upon her estate, and under and by virtue of his authority as administrator sold it to one Theus who, within a few days thereafter, reconveyed the same to Houston, the adminstrator. The deed to Theus was recorded on September 24th, 1884, and the deed from Theus to Houston was recorded on December 2d, 1884. On October 4th, 1884, and January 26th, 1885, respectively, Houston executed, in accordance with section 1969 of the Code of 1882, to the Merchants & Mechanics Loan Association two deeds, with bonds to reconvey, which deeds covered the entire lot No. 34, North Oglethorpe ward, Savannah, embracing the western half thereof, which is now the premises in dispute; each of the bonds being for $1,000.00. Each of these deeds contained a reference to the deed from Margaret Stiles to Archy Jordan, trustee, conveying the same property, dated May 2d, 1866, and referred to these deeds as the origin of Houston's title. To the March term, 1886, of Chatham superior court, Diana Bryan filed a bill against U. L. Houston, Thos. Theus and Margaret V. Stiles, in which she alleged, amongst other things, that she was the person who was entitled in remainder under the deed from Margaret Stiles to Archy Jordan; and prayed that Houston be enjoined

from the administration of the premises in dispute as a part of the estate of Diana Jordan, deceased. There were many allegations of fraud and wrong-doing against Houston and Theus in the premises; and the suit finally resulted in a decree which declared that the complainant, Diana Bryan, was in fact the person entitled in remainder, and vesting the remainder estate in her. The effect of this decree was to fix the person in whom the remainder estate vested. Under the deeds which had been previously executed by Houston to the Merchants & Mechanics Loan Association, that association sued its claim to judgment, taking a general judgment against Houston, and subsequently procured the judgment to be amended so as to make it a special lien upon the property covered by the deeds from Margaret Stiles in trust to Archy Jordan. The execution issued upon this judgment was levied upon the eastern portion of this lot, which was sold on August 6th, 1889, for $410.00, which was credited on the execution. The portion thus sold was that purchased by U. L. Houston from Archy Jordan, the trustee, during his lifetime. On the 15th of August, 1889, the execution was transferred in writing to Simms, who is the person plaintiff in execution. Afterwards, on the 3d day of April, 1891, the execution was levied upon the western portion of the lot. The property thus levied upon was claimed by Frank Freiherr, who had purchased from John Burke, who claimed under a deed from Diana Bryan to himself, dated May 17th, 1887, and recorded June 23d, 1889. The issue formed upon the claim case was submitted to the judge without a jury, and he adjudged that the property levied upon was not subject. Simms, the transferee of the execution, moved for a new trial, and his motion being overruled, he excepted. The motion was upon the general grounds, that the judgment was contrary to law, evidence, etc. And further, because the court erred in admitting in evidence the petition, answer and decree in the suit of Diana Bryan v. U. L. Hous-

ton, the decree being dated in July, 1886; the ground of objection being, that neither Simms nor the loan association was a party or privy to the suit or decree; that the loan association was an innocent purchaser for value from Houston, without notice of the claim set up by Diana Bryan in her said petition, and therefore that decree could not bind Simms, who stood in the shoes of the loan association; and that neither Simms nor the loan association had ever had their day in court upon any one of the matters adjudicated and litigated in the suit of Diana Bryan *v.* U. L. Houston. The motion for new trial was overruled, and the defendant excepted.

1. The principal assignment of error upon which it was insisted that a judgment of reversal should be had, was that in which error was assigned upon the admission in evidence by the presiding judge of the decree rendered in the suit which was instituted by Diana Bryan *v.* Houston, Theus and another, in which it was declared that Diana Bryan, from whom the claimant derived his title, was the person entitled in remainder under the trust created in the execution of the deed from Margaret Stiles to Archy Jordan, trustee; and we shall therefore first address ourselves to a consideration of that question. We are fully persuaded that the court, in admitting this decree, committed no error; and will endeavor to state the considerations which lead us to that conclusion. Under the trust raised by the deed in question, Diana Jordan took only a life-estate. The remainder interest passed to such child or children as she might have living at her death. There was no reference by name to any particular person as being entitled in remainder. The reference was to a class. Houston, as the administrator upon the estate of Diana Jordan, the life-tenant, assumed to seize and administer the fee as the property of her estate. The purpose of the bill was to fix the identity of the remainderman. The administrator upon the estate of the deceased life-tenant had, by virtue of her

possession, seized and held control of the property. It is true that by means of some collusive arrangement he had, with the assistance of Theus, a confederate, endeavored to secure the title to the property in fee. When the remainderman, therefore, sought as against this administrator who was in possession to recover this property, the administrator and his confederates were the only proper parties respondent to that bill. As administrator upon the estate of the deceased life-tenant, he could acquire no interest, for the reason that, his intestate having only a life-estate, there was nothing left for him to seize. He could, therefore, acquire no title in his own right, could convey none to Theus to whom he sold at administrator's sale, and acquired none from Theus when he undertook to purchase from him. The loan association to which he conveyed acquired no greater interest than he had. As we have seen, he acquired no interest, and could convey none to it. It is a well settled principle of the law, that one who purchases from another having no title acquires none, though the purchase be for value and without notice. See Am. & Eng. Enc. of Law, vol. 16, p. 839; *Bryan* v. *Walton*, 14 'Ga. 185. And it is equally true, that where one accepts a lien upon property to secure the payment of a debt to which the debtor had no title, no encumbrance rests upon the property. The object of the decree was not to divest any title that Houston had; for he had none to divest. There was a remainder interest in this property of which he was in possession, to which his intestate did not claim title, and to which it was impossible for him, through his intestate, to acquire title. If no claimant in remainder had appeared, the property would not have belonged to him, but he would have held it subject to the right of entry upon the part of the remainderman when he appeared and established his right. When the decree was rendered establishing the identity of Diana Bryan as the person entitled in remainder, this decree was binding, not only against Houston, the administrator, who

set up the pretended claim in right of his intestate, but was binding upon all persons in privity with, and who claimed title through him to the remainder estate; and especially is this true as to one who took with notice that, as against the administrator claiming in right of the deceased life-tenant, there was an outstanding remainder estate. The decree admitted in evidence was simply one of the muniments of title by which the claimant undertook to establish her personal right to and interest in the property in the possession of another, and to which that other could claim no legal right. The court, therefore, committed no error in admitting in evidence this decree. It might have been otherwise, had there been no remainder estate actually created by the deed under which the trust was raised, and the effort had been, after the loan association had taken this deed, to engraft upon a conveyance of the fee a secret trust prejudicial to the interest of that association. It will be noted in the present case, however, that the claim of this remainderman does not rest upon a secret equity, but upon a legal estate expressly created by deed, and the only act necessary to be done to render it a complete conveyance of the remainder direct to her was to identify her as the one person of the designated class, who, according to the terms of the trust deed, was entitled to take in remainder. There was nothing in this transaction by which any person could be misled. The purchaser of property must look to the title of his grantor, and is only protected against secret equities because the law will raise an estoppel in his favor where the conduct of the true owner or the person really entitled has been such as to mislead him to his prejudice. The slightest diligence in the investigation of Houston's title must have disclosed the existence of the remainder estate; and therefore it would have been impossible for a purchaser from him to have been misled as to that fact. It could not concern him, however, that the identity of the person entitled in remainder was undisclosed. It is a sufficient an--

swer to his claim as an innocent purchaser, that no secret trust was engrafted upon, or attempted to be engrafted upon the trust deed by the decree. As against the remainderman, the loan association would not have been protected if it had taken its deed directly from the life-tenant; and if not protected under such a deed, surely it would not, when claiming under the deed of the administrator who certainly could occupy no better position and take no greater interest in the property than that to which the life-tenant was entitled.

2. Another reply to the claim of the plaintiff in execution is, that the loan association, under whom he claims, took with actual notice of the existence of this remainder estate. It will be noted by reference to the record, that in each of the deeds under which it claims a lien upon the property, there was a reference in express terms to the original trust deed from Margaret Stiles to Archy Jordan as being the basis of Houston's title to the premises which he undertook to convey to it. In this deed, which is one of the muniments of title under which the loan association claims its lien, the remainder estate was expressly created and fully declared. It is the generally accepted doctrine, "that a recital of one deed in another, binds the parties and those who claim under them. Technically speaking, it operates as an estoppel, and binds parties and privies; privies in blood, privies in estate, and privies in law." Carver v. Astor, 4 Peters, p. 82; Cruger v. Tucker, 69 Ga. 562; 39 Ga. 550; 40 Ga. 479; Penrose v. Griffith, 4 Binney (Penn.), 231, where it was held that "a deed containing recital of another deed, is evidence of the recited deed against the grantor, and all persons claiming by title derived from him subsequently." Therefore, inasmuch as an inspection of these muniments of title, under which the loan association took its lien, would have disclosed the existence of an outstanding estate in remainder in some person other than the grantor who undertook to convey to it in

fee, the law charges it with notice of the adverse claim of the remainderman, and it took subject to his right.

3. It will be seen in the present case, that before the execution of the instrument under which it was sought to create the lien now being enforced, the life-estate was extinguished by the death of the life-tenant; and since Houston could convey no greater estate than the life-tenant had, there was nothing to which the lien could attach, and therefore, in a contest between the holder of the alleged lien and the person claiming under the tenant entitled in remainder, the latter should prevail.

4. No error of law was committed upon the trial. The verdict was fully supported, if not demanded, by the evidence.

*Judgment affirmed. All the Justices concurring.*