## DODGE *et al.,* executors, *v.* COWART *et al.*

1. A deed containing a recital that it was made by the maker as executor of a named person, and by virtue of the will of the testator, and which is duly attested and recorded, is admissible in evidence, although the maker signed his individual name thereto without adding to his signature his representative character.

2. An executor's deed is good as color of title without producing any order of sale from the proper court, or the will of the testator conferring a power of sale.

3. Waiving all considerations as to the effect of the Code of 1895 on the subject of the essentiality of recordation of a deed as to constructive possession, in the case of a deed executed prior thereto record of it was not necessary in order for it to operate as color of title so that possession of a part of the tract of land covered by it would extend to the limits of the tract described in it.

(a) The possession of a person having paper title to a designated lot of land laid out by official survey, which is traversed by a stream, and who is only in possession of the part of the lot on one side of the stream, will be construed to extend to the boundaries of the lot.

4. There was no error in refusing a new trial on the ground of newly discovered evidence.

5. An assignment of error complaining of the admission of evidence is not sufficient where the evidence is not set out either literally or in substance.

6. There was evidence to warrant the instruction complained of, relative to the delivery of the deed upon which the defendants relied as color of title.

7. Grounds of the motion which are not certified will not be considered. The evidence was sufficient to support the verdict.

Argued April 8,—Decided November 19, 1908.

Equitable petition. Before Judge Martin. Telfair superior court. September 14, 1907.

*DeLacy & Bishop,* for plaintiffs.

*Graham & Graham,* for defendants.

EVANS, P. J. Norman W. Dodge brought his petition against D. R. Cowart, J. A. Cowart, and W. R. Silvers, to enjoin the defendants from boxing and cutting the trees on land lot number 174 in the seventh district of Telfair county, from removing the turpentine therefrom, and from interfering with or disposing of the land or timber in any manner. On the trial the plaintiff deraigned his title from the State through successive conveyances, and the defendants relied upon prescription based on seven years adverse possession under color of title. A verdict was returned

for the defendants, which the court refused to set aside on motion for a new trial, and this is the error complained of. Pending the motion for a new trial Dodge died, and his executors were made parties in his stead, and are prosecuting the writ of error.

1, 2. One of the deeds relied on by the defendants as color of title was that of Ann J. McKee to Charles Stewart, which recited that the maker was the executor of the will of Joseph McKee and was executing the deed as such by virtue of the will of her testator, but which was signed by the maker without adding to her name any words indicating her representative character. Objection was made to this deed being received in evidence, because it was not signed by the maker as executrix, although describing her as such in the body of the deed, and because, in the absence of an order from the court of ordinary, or the production of the power in the will, the executrix had no authority to make the deed, and it could not constitute even color of title. The objection was overruled. The first ground of objection was without merit, as was decided in the recent case of *Sapp* v. *Cline*, ante, 433 (62 S. E. 529). The other ground of objection was not well taken. An executor's deed, unaccompanied either by an order of sale from the court of ordinary or by the will conferring a power of sale, is good as color of title. *Street* v. *Collier*, 118 *Ga.* 470 (45 S. E. 294); *Shiels* v. *Lamar*, 58 *Ga.* 592.

3. The deeds relied upon as color of title were executed prior to the present code. The court refused a written request of the plaintiff to instruct the jury that if these deeds were not recorded, prescription could ripen only as to the part in actual possession, and the prescriber's possession would not constructively extend to any part of the tract not in actual possession. The request was properly refused. Whether the present code requires recordation as essential to constructive possession is not in this case. Certainly, before the code, record of a deed was not necessary in order for it to operate as color of title so that possession of a part of the tract of land conveyed by it would extend to the limits of the tract described in it. *Roberson* v. *Downing Co.*, 120 *Ga.* 833 (48 S. E. 429, 102 Am. St. R. 128); *O'Brien* v. *Fletcher*, 123 *Ga.* 427 (51 S. E. 405).

The plaintiff further contends that the rule laid down in the Civil Code, § 3586, as to constructive possession, does not apply to

a lot of land divided by a stream or swamp, where the actual possession is only of the portion of the lot on one side of the stream; that in such a case possession will not be extended beyond the stream,—at least under an unrecorded deed. The lot of land in controversy contained 202½ acres. There was evidence that a stream or swamp extended through it, and that the defendants' possession was of about fifty acres,—all of the lot on one side of the stream. We have been unable to find where the precise question has ever been adjudicated, but we do not think the physical condition of the lot excepts the case from the rule stated in the code, which declares that "constructive possession of lands is where a person having paper title to a tract of land is in actual possession of only a part thereof. In such a case the law construes the possession to extend to the boundary of the tract." The two portions of the lot, on either side of the stream, are not separate lots of land; they are parts of an integral lot, designated in the government survey by a single number, and are not to be regarded as separate and contiguous lots or tracts of land.

4. The prescriptive title of the defendants was based upon two deeds,—one from Ann J. McKee, executrix of Joseph McKee, to Charles Stewart, dated February 16, 1880, and the other from Charles Stewart to John D. Stewart, dated February 23, 1880. On the trial of the case a certified copy of the record of the first deed was used, and the original deed from Charles Stewart to John D. Stewart was introduced in evidence. One ground of the motion was that the verdict should be set aside because of newly discovered evidence, to wit: that it appears from an inspection of the records of the clerk's office of Telfair county that the record of the deed purporting to be from Ann J. McKee to Charles Stewart has apparently been altered so far as the number of the lot is concerned; that the original number of the lot purporting to be conveyed by this deed was not 174, but the figures 174 appear to have been put into the record after the same had been recorded; and that the original deed purporting to be from Charles Stewart to John D. Stewart shows upon its face that it had been changed, and the lot number 174 written into it. On the hearing evidence was submitted to the judge by witnesses, that in their opinion the record of the McKee deed appeared to have been changed and altered as to the number of the lot purporting to

have been conveyed thereby. By consent of the parties the original record was inspected by the court. It appeared from the affidavit of the agent of the plaintiff, who was in charge of this suit, that the same had been pending since 1903; that he resided within a mile of the office of the clerk of the superior court; that when the deed from Charles Stewart to John D. Stewart was tendered in evidence it was examined by him, and the attention of counsel for the plaintiff was called to the apparent change, and he informed counsel that the deed had been changed, and he thought it was a forgery. The trial occurred in 1907, in Telfair county, and in the same building where the clerk of the superior court kept his office. It would seem that, if the attention of counsel was called to the condition of the deed from Charles Stewart to John D. Stewart, and the agent of the plaintiff in charge of the litigation, from an inspection of the deed from Stewart to Stewart during the trial, pronounced it a forgery, and as Stewart derived his title from McKee, ordinary diligence would have demanded that some investigation should have been made as to the correctness of the suspicions of the agent of the plaintiff. He could have made an affidavit of forgery and placed the burden of proving the deed upon the defendants; or he could easily have procured the record book from the clerk of the court and investigated its condition. Defendants' case depended entirely upon the bona fides of these two deeds; and when their genuineness was suspected, it was the duty of the plaintiff's agent and his counsel to have availed themselves of the means at hand to determine the question. We are unable to say whether the court in overruling the motion entertained the opinion that proper diligence had not been shown, or from an inspection of the record there had been no change or alteration in it. The court could have well concluded that there was a lack of diligence on plaintiff's part in his failure either to raise the issue of forgery on the trial, or to investigate the record.

5. A ground of the motion complains, that, "after the plaintiff closed, the defendant introduced John D. Stewart and proposed to show by him the reputation of Joseph McKee, husband of Ann J. McKee, who is alleged to have made the deed, which is a part of the chain in this case. This evidence was objected to as irrelevant and illegal, and could not be proven to affect any issue in the case." This assignment presents no question for adjudica-

tion. It has been repeatedly ruled that when exception is taken to the admission of evidence, the evidence must be set out either literally or in substance.

6. Complaint is made that after giving the request invoked by the plaintiff, that a deed which had never been delivered could not serve as color of title, the court charged the converse of the proposition, it being insisted that the evidence did not afford a basis for the additional·instruction. There was evidence to support such instruction.

7. The. first five grounds of the amended motion complain of the failure of the court to charge certain principles of law as to what would constitute adverse possession under color of title so as to ripen into a prescriptive title. According to the note of the judge there was no request either oral or written to charge the various propositions in these several grounds. It would have been error for the court to give some of these propositions as stated by movant, for the reason that they contained an expression of opinion as to what had or had not been proved, relative to the facts relied upon to constitute possession, and others were strongly argumentative. The court ·in his charge correctly and comprehensively instructed the jury as to the character of the possession necessary to be adverse and the length of time it should continue under color of title before such possession could ripen into title by prescription.

The court refused to ·instruct the jury, as requested in writing by plaintiff's counsel, that if the jury believed from the evidence that possession of the land in controversy began before the execution and delivery of the deed under which the defendants seek to set up a prescriptive title, such possession could not be the basis of prescription; that possession to be the foundation of prescription must have originated under the deed, and not prior thereto. The judge in his note states that there was no evidence that the possession antedated the deed. An inspection of the record confirms this statement of the judge, and there was no error in refusing so to charge.

There was sufficient evidence to support the verdict, and the court did not err in overruling the motion for a new trial.

*Judgment affirmed. All the Justices concur.*