PRICE *et al. v.* GROSS, administrator.

1. An instrument as follows: "State of Georgia, Washington County, February 22, 1864.  After the death of my father, Bryan A. Whitfield, and my mother, Martha Whitfield, his wife, and the said Bryan E. D. Whitfield [the maker], of the same county and State aforesaid, give unto my beloved sister, Mourning G. Whitfield, the land and plantation whereon my father and mother now lives, being two hundred acres, more or less, to raise and educate her children, and not subject to any husband or future husband's debts; and also give her all the stock of any kind on or belonging to the place where my father and mother lives, and I also give my sister, Mourning G. Whitfield, all the household and kitchen furniture [designating it] . . . If I, the said Bryan E. D. Whitfield, be so blessed by the kind Providence of God

to return from this present war and feel dispose to sell or settle it, this deed of gift is null and void, otherwise in full force and virtue in law. Sealed, signed, and delivered in presence of these witnesses," attested as a deed and delivered by the maker at the time of its execution to the donee, who took actual possession of the land referred to in the instrument and held the same to the date of her death, is a deed, and the court did not err in admitting it in evidence as a part of the plaintiff's chain of title.

2. A deed to land will not be declared void for uncertainty of description, if the deed is certain, or if it furnish the key to the identification of the land intended to be conveyed by the grantor. The doctrine, "Id certum est quod certum reddi potest," here applies. Applying this rule, the deed set out in the preceding headnote was not void for uncertainty of description. The undisputed evidence having shown title in the plaintiff, and the evidence in behalf of the defendants having failed to raise an issue for the jury, there was no error in directing a verdict in favor of the plaintiff for the premises in dispute.

No. 684. MAY 17, 1918.

Ejectment. Before Judge Hardeman. Washington superior court. October 4, 1917.

*R. G. Price, B. T. Rawlings,* and *James K. Hines,* for plaintiffs in error.

*M. L. Gross* and *A. R. Wright,* contra.

GEORGE, J. M. L. Gross, as administrator of the estate of Mourning Whitfield, brought suit in Washington superior court against Mrs. Mary Price and Wells Whitfield, for the recovery of 200 acres of land described in plaintiff's petition. The plaintiff introduced his application, as administrator of the estate of Mourning Whitfield, for leave to sell the premises in dispute as the property of his intestate, and the order of the court of ordinary of Washington county authorizing such sale. Over the objection that the same was a will, and not a deed, the plaintiff introduced in evidence the following writing:

"State of Georgia. Washington County, February 22nd, 1864. After the death of my father, Bryan A. Whitfield, and my mother, Martha Whitfield, his wife, and the said Bryan E. D. Whitfield, of the same county and State aforesaid, give unto my beloved sister, Mourning G. Whitfield, the land and plantation whereon my father and mother now lives, being two hundred acres, more or less, to raise and educate her children, and not subject to any husband or future husband's debts; and also give her all the stock of any kind on or belonging to the place where my father and mother lives, and I also give my sister, Mourning G. Whitfield, all the

household and kitchen furniture with all the plantation tools of every kind of implements belonging thereunto even down to the handsaw and gamblet. If I, the said Bryan E. D. Whitfield, be so blessed by the kind Providence of God to return from this present war and feel dispose to sell or settle it, this deed of gift is null and void, otherwise in full force and virtue in law. Sealed, signed, and delivered in presence of these witnesses. [Signed] Bryan E. D. Whitfield. [Attest:] Agnes T. Veal. H. B. Veal."

H. B. Veal, one of the subscribing witnesses, testified to the execution and delivery of the writing by Bryan E. D. Whitfield to his sister, Mourning Whitfield, and that Bryan Whitfield, the father of Bryan E. D. Whitfield, and Martha Whitfield, the mother of Bryan E. D. Whitfield, were in the actual possession of the premises described in the writing at the time of its execution, i. e., the same land described in the plaintiff's petition. Bryan Whitfield survived his wife Martha, and died about 1879. Mourning Whitfield died four or five years before the institution of this suit. At the time of the execution of the instrument Bryan Whitfield and Shelman W. Whitfield, a son of Bryan Whitfield and a brother of Bryan E. D. Whitfield, were present. Shelman W. Whitfield referred to the property embraced in the instrument, being the same property involved in the present dispute, before the war, during the war, and after the war, as the property of Bryan E. D. Whitfield. He recognized the property as being the property of Bryan E. D. Whitfield, and after the war recognized the property as the property of Mourning G. Whitfield by virtue of the gift to her by Bryan E. D. Whitfield. Mourning G. Whitfield went into the possession of the property in 1864, that is, she retained the possession of the property and claimed it under under the deed from Bryan E. D. Whitfield, from 1864 to the date of her death. Wells Whitfield, one of the defendants, claimed under Mrs. Mary Price, the real defendant. The latter introduced in evidence a grant from the State of Georgia to Bryant Whitfield, embracing the premises in dispute, dated October 10, 1835, and a deed from Bryant Whitfield to Shelman Whitfield, conveying the premises in dispute, dated January 10, 1838. The deed was first recorded on January 28, 1842, and again recorded on July 27, 1893. She next introduced a deed from Shelman W. Whitfield to Mourning G. Whitfield, conveying the premises in dispute, which deed, with an addendum thereto, and the date of record thereon, is as follows:

"Georgia, Washington County. Know all men by these presents, that I, Shelman W. Whitfield of the county and State aforesaid, for the natural love and good will which I have and do bear unto my sister, Mourning G. Whitfield, of the same county and State, do give and bequeath unto her and her children at the death of my father and mother, and not before only by their consent, to her and her children forever, the part of a grant of land whereon my father now lives, originally granted for six hundred and fifty acres, the part now conveyed to be the part occupied by Bryan A. Whitfield as my father, and bounded as follows [describing the land]. To have and to hold the above-mentioned land, with every benefit, privilege, appurtenances belonging or in anywise appertaining thereunto, to her my sister, Mourning G. Whitfield, forever, to raise and educate her children, and not subject to the debts of her husband nor no future husband. And if my sister, M. G. Whitfield, should die without child or children, this land goes back to her sisters, to be equally divided amongst them. In witness whereof I, the said Shelman W. Whitfield, have sealed, signed, and delivered in presence of these witnesses. [Signed] Shelman W. Whitfield (L. S.) [Attest:] W. G. Bryan, A. L. Josey, W. P. Smith, J. P. [Addenda] My daughter, Mourning G. Whitfield, is barred from selling this land that I now live on until she arrives to 60 years of age, then she may sell it and put the money to her own use. If this not complied with, this deed is null and void in law to the buyer; if complied with, this is as good a deed as any. April 16, 1874. [Signed] Shelman Whitfield. Witnesses: John T. Gross, Lucius B. Kendrick, Wm. P. Smith, J. P. Recorded June 5th, 1876."

The oral evidence introduced by the defendants tended to show that Mary Price was the only sister of Mourning G. Whitfield, and that Mourning G. Whitfield said that she claimed the land in dispute under the deed from Shelman Whitfield. The court directed a verdict for the plaintiff for the premises. The defendant filed a motion for new trial, which was overruled, and she excepted.

1. It is insisted that the instrument executed by Bryan E. D. Whitfield to the plaintiff's intestate is not a deed, but that it is testamentary in character. Our Civil Code declares: "No particular form of words is necessary to constitute a will; and in all cases to determine the character of an instrument, whether it is testamentary or not, the test is the intention of the maker, from

the whole instrument, read in the light of the surrounding circumstances. If such intention be to convey a present estate, though the possession be postponed until after his death, the instrument is a deed; if the intention be to convey an interest accruing and having effect only after his death, it is a will." § 3828. The test generally applied by the decisions of this court to determine whether an instrument is a deed or a will is whether it is to take effect immediately or only after the death of the maker. If the effect of the paper is made to depend upon the event of the death of the donor as necessary to consummate it, it is generally held that the instrument is a will, and not a deed. The difficulty is to determine whether the instrument conveys an interest in presenti, or whether the effect of the instrument is intended to depend upon the event of the donor's death as necessary to consummate it. *Jackson* v. *Culpepper,* 3 *Ga.* 569; *Collier* v. *Carter,* 146 *Ga.* 476 (91 S. E. 551). The primary rule however, is to give effect to the intention of the maker. The instrument in the present case was attested by only two witnesses. It can be given no effect as a will. By the instrument the donor undoubtedly intended to convey to and vest in the donee a present interest and a title in the lands and personalty. The undisputed evidence is that the instrument was actually delivered and that the donee went into actual possession of the land under the instrument. The instrument recites that it was "sealed, signed, and delivered in the presence of these witnesses." The donor referred to the instrument as "this deed of gift." His designation of the paper is not necessarily conclusive upon its character. If a will, it would still remain a will, although he erroneously thought it to be a deed. If it be doubtful whether the instrument is a deed or a will, it will be held to be a deed, the court preferring to give the intention of the maker some effect rather than to defeat his intention altogether. *Moye* v. *Kittrell,* 29 *Ga.* 677; *Owen* v. *Smith,* 91 *Ga.* 564 (18 S. E. 527); *Guthrie* v. *Guthrie,* 105 *Ga.* 86 (31 S. E. 40); *Gay* v. *Gay,* 108 *Ga.* 739 (32 S. E. 846). We are of the opinion that the instrument under consideration is a deed, and that the court properly admitted it in evidence. The clause in the deed to the effect that if the donor should return from the war and feel disposed "to sell or settle it [the land], this deed of gift is null and void, otherwise in full force and virtue in law," does not militate against this

conclusion. In *Daniel* v. *Veal,* 32 *Ga.* 589, the instrument there considered and held to be a deed was as follows: "State of Georgia, Madison County. I, James Daniel, of said State and county, do, for divers good reasons, hereby give and convey unto Sarah H. Veal and her son, James W. Veal, a certain negro girl called Jin, about eight years old, now in her possession. And should I die without making other provisions for them, my wish is that the said girl, together with her future increase, remain with her, the said Sarah H. Veal, until the said James W. arrives at twenty-one years of age, when the said girl and her increase shall be equally divided between her and him. If the said Harriet should die previous, then the son to have all, hereby reserving to myself the right of revoking this deed of gift. 26th December, 1854. James Daniel." See also *Hamilton* v. *Cargile,* 127 *Ga.* 762 (3) (56 S. E. 1022), where the instrument considered was held to be a deed, although the donor expressly reserved unto himself the right to sell, dispose of, and convey the property embraced in the deed. To the same effect see *White* v. *Hopkins,* 80 *Ga.* 154 (4 S. E. 863) ; *Shelton* v. *Edenfield,* ante, 128 (96 S. E. 3).

2. It is insisted that the deed is void for uncertainty of description. "The description of the property conveyed in a deed is sufficiently certain when it shows the intention of the grantor, as to what property is conveyed, and makes its identification practicable." *Andrews* v. *Murphy,* 12 *Ga.* 431 (1). See *Shiels* v. *Lamar,* 58 *Ga.* 591 (1), 593; *Jennings* v. *National Bank of Athens,* 74 *Ga.* 782 (1 a), 787; *Mayor &c. of Chauncey* v. *Brown,* 99 *Ga.* 766, 771 (26 S. E. 763). This test has been consistently applied in this State. Indeed our Civil Code declares: "No prescribed form is essential to the validity of a deed to lands or personalty. If sufficient in itself to make known the transaction between the parties, no want of form will invalidate it." § 4182. If the deed affords a key by which the property conveyed can be identified, it is sufficient. *Swint* v. *Swint,* 147 *Ga.* 467 (94 S. E. 571). When the deed from Bryan E. D. Whitfield to plaintiff's intestate was offered in evidence, the only objection urged was that the same was not a deed, but was a will. However it is insisted that the plaintiff did not show title in himself to the premises in dispute, and therefore that the direction of the verdict for the plaintiff was erroneous. The evidence shows without dispute that the plaintiff's intestate

went into the actual possession of the land in 1864. A one-horse farm was then in cultivation and was continuously cultivated thereafter until the death of his intestate. It is true that the land was in the actual possession of the life-tenant and was cultivated by the life-tenant until 1879. The possession of the life-tenant was, however, the possession of the remainderman. *Wallace* v. *Jones,* 93 *Ga.* 419 (4) (21 S. E. 89) ; *Moore* v. *Ensign-Oscamp Co.,* 131 *Ga.* 421 (62 S. E. 229). It is true that the deed from Bryan E. D. Whitfield to the plaintiff's intestate was not recorded until June 5, 1876, and then upon insufficient proof of its execution and delivery. The deed, it will be observed, was executed prior to the Code of 1895, and the actual possession of the plaintiff's intestate of a part of the land from 1864 to 1874, a period of ten years, ripened in the plaintiff's intestate a prescriptive title to the whole tract of land described in the deed. See *Dodge* v. *Cowart,* 131 *Ga.* 549, 550 (62 S. E. 987) ; *Shingler* v. *Bailey,* 135 *Ga.* 666, 667-8 (70 S. E. 563). The plaintiff, therefore, made out a prima facie case, and we do not think the evidence offered by the defendants raised an issue for the jury. The defendants made out a perfect title, it is conceded; but the evidence shows that Shelman W. Whitfield was never in possession of the land in controversy, and that both before the execution of the deed to the plaintiff's intestate, and thereafter, he recognized the title of Bryan E. D. Whitfield. He was actually present at the time the deed was executed by Bryan E. D. Whitfield to the plaintiff's intestate. The evidence does not affirmatively show that he had actual knowledge of the contents of the deed, but the plaintiff's intestate had acquired a title by prescription to the land before the execution of the deed from Shelman Whitfield to the plaintiff's intestate, by the terms of which he sought to cut down the quantity of her estate. The title in fee to the whole of the land having ripened in Mourning G. Whitfield before the execution of the deed by Shelman Whitfield to her, conveying the same land, her title was not affected by the limitations sought to be placed thereon by Shelman Whitfield in his deed to her. The execution of the deed by Shelman Whitfield is entirely consistent with the evidence offered on behalf of the plaintiff to the effect that Shelman Whitfield recognized the title of Bryan E. D. Whitfield before, during, and after the Civil War. The bare fact that some years before the death of Mourning Whit-

field she said that she claimed the land under the deed from Shelman Whitfield was insufficient, under the facts in this record, to require the court to submit the issue to the jury. There was no error in directing the verdict.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*