PATELLIS *v.* TANNER *et al.*

No. 14750. FEBRUARY 10, 1944. REHEARING DENIED MARCH 9, 1944.

*Heath & Heath,* for plaintiff.

*Mingledorff & Roberts,* for defendants.

GRICE, Justice. ■ The first question presented is, whether or not the instrument executed by Moses J. Kirkland Sr. and delivered to M. J. Kirkland Jr. and Margie W. Kirkland, dated May 11, 1903, conveyed title; the question being whether it is testamentary in character, so as not to convey in præsenti.

The instrument was in the form of a deed. It calls itself an indenture, recites a consideration, uses the words "sold and conveyed," and contains a covenant of warranty. So much of the instrument as is revealed in the record is set forth in the preceding statement of facts. The argument that it is testamentary in character rests upon the fact that it contains the clause, "has at the death of the said Moses J. Kirkland Sr. sold and conveyed," etc. Similar instruments have been before this court a number of times and have been dealt with in the following cases: Among those holding that deeds somewhat similar are not valid to convey

a present estate, see *Symmes* v. *Arnold,* 10 *Ga.* 506; *Johnson* v. *Yancey,* 20 *Ga.* 707 (65 Am. D. 646); *Brewer* v. *Baxter,* 41 *Ga.* 212 (5 Am. R. 530); *Arnold* v. *Arnold,* 62 *Ga.* 628 (4); *Sperber* v. *Balster,* 66 *Ga.* 317; *Blackstock* v. *Mitchell,* 67 *Ga.* 768; *Johnson* v. *Sirmans,* 69 *Ga.* 617; *Barnes* v. *Stephens,* 107 *Ga.* 436 (33 S. E. 399). For cases holding that the instrument was a deed, see the following: *Gay* v. *Gay,* 108 *Ga.* 739 (32 S. E. 846); *West* v. *Wright,* 115 *Ga.* 277 (41 S. E. 602); *Wynn* v. *Wynn,* 112 *Ga.* 214 (37 S. E. 378); *Brice* v. *Sheffield,* 118 *Ga.* 128 (44 S. E. 843); *Griffith* v. *Douglas,* 120 *Ga.* 582 (48 S. E. 129); *Isler* v. *Griffin,* 134 *Ga.* 192 (67 S. E. 854); *Hughes* v. *Hughes,* 135 *Ga.* 468 (69 S. E. 818); *Pruett* v. *Cowsart,* 136 *Ga.* 756 (72 S. E. 30); *Mays* v. *Fletcher,* 137 *Ga.* 27 (72 S. E. 408); *Collier* v. *Carter,* 146 *Ga.* 476 (91 S. E. 551, 11 A. L. R. 1); *Shelton* v. *Edenfield,* 148 *Ga.* 128 (96 S. E. 3); *Price* v. *Gross,* 148 *Ga.* 137 (96 S. E. 4); *Crawford* v. *Thomas,* 150 *Ga.* 435 (104 S. E. 211); and *Montgomery* v. *Reeves,* 167 *Ga.* 623 (146 S. E. 311). The trend of the modern decisions is to uphold such an instrument as a deed, although it may contain words strongly suggestive of the idea that it is not to take effect until the death of the grantor. In *Isler* v. *Griffin,* supra, the headnote is: "An instrument attested as a deed and in all material respects in the form of a deed, except that it contains the words, 'to take effect from and after my [the maker's] death and . . . from and after the death of my father and mother, and not until then,' should be construed to be not a will but a conveyance passing title in præsenti, with right of possession postponed." Another comparatively recent case along the same line is *Montgomery* v. *Reeves,* supra, wherein it was held: "A paper in the form of a warranty deed and properly executed as such is not testamentary in character, although it contains the clause: 'This deed is made with the condition attached that same is not to take effect until after the death of the maker, he reserving to himself the right to control same and the rents and profits thereof as long as he lives.'"

We adjudge that the deed passed title in præsenti.

◼ The next question is, what estate, if any, passed to M. J. Kirkland Jr. and Margie W. Kirkland, and what, if any, passed to their heirs? The use of the word "then" in the phrase "then to their heirs" limits the estate which M. J. Kirkland Jr. and Margie

W. Kirkland took. The word "then" is construed as meaning *in that event,* referring to the duration of their "natural lives;" and thus construed, it passed a joint life-estate to M. J. Kirkland Jr. and Margie W. Kirkland, with remainder to their children, since the word "heirs" in a remainder is construed to mean children and their descendants. Code, § 85-505; *Singer* v. *First National Bank & Trust Co.,* 195 *Ga.* 269, 272 (24 S. E. 2d, 47); *Bryant* v. *Green,* 187 *Ga.* 89 (199 S. E. 804); *Cooper* v. *Harkness,* 188 *Ga.* 121 (2 S. E. 2d, 918).

The writer regrets that in preparing the opinion for the court in *Cooper* v. *Harkness,* mention was made of Wilde's case, when he intended to refer to Abel's case, Y. B. 18 Edw. 557, 1324, 1 Tiffany on Real Property (2d ed.), 533, § 149.

The argument advanced is, that since this instrument does not declare that the property shall go to "their heirs," but the phrase is "then to their heirs and assigns," the instant case is outside of the rule supported by the authorities heretofore cited, and that the effect of the inserted word "assigns" merely amounted to a reservation to the grantees for them to determine to whom the remainder should go. Construing the instrument as a whole, we are of the opinion that the inclusion of the words "and assigns" does not change or enlarge the character of the estate that went to M. J. Kirkland Jr. and Margie W. Kirkland, nor diminish that which their heirs took in remainder, but that the phrase should be construed as if it read "their heirs and their assigns." Therefore the Code, § 85-504, is applicable; and the deed undertook to convey a remainder interest to the children of M. J. Kirkland Jr. and Margie W. Kirkland, that is, such "children and the descendants of deceased children, by representation, in being at the time of the vesting of the estate;" the time of the vesting of the estate referring to the vesting of possession at the death of the last survivor of the life-tenants. *Crawley* v. *Kendrick,* 122 *Ga.* 183 (50 S. E. 41, 2 Ann. Cas. 643).

■ The plaintiff sets out in her petition not only her chain of title, but, averring that the defendants claim under a common source, also what she asserts to be their claim of title. In the latter are certain tax deeds based on sales of parts of the property in dispute by virtue of levies of certain executions for State and county taxes, these executions being issued in personam against

Margie W. Kirkland. A sale under such executions so issued against one who was merely a life-tenant can not divest the title of the remainderman. *Howell* v. *Lawson,* 188 *Ga.* 164 (3 S. E. 2d, 79). And so far as the defendants' title rests upon deeds based on levies of such executions, and sales made thereof and deeds made thereunder, they can not affect the title of the remaindermen in the deed from Moses J. Kirkland Sr., which conveyed only a joint life interest to Margie W. Kirkland.

■ Since there is an allegation, borne out by the facts set forth in the petition, that the plaintiff and the defendants claim under a common source of title, the issue is to be determined by the comparative strength of those two asserted titles.

At the time G. S. Tanner purchased this land from Margie W. Kirkland, to wit, December 29, 1936, and received a deed from her thereto, the record title to an undivided one-half interest was in her. Although she had theretofore, to wit, on May 22, 1891, conveyed the property to Moses J. Kirkland Sr., that deed was not placed on record until February 11, 1942, within a few days before this suit was filed. Unless there was something to put Tanner on actual notice that title had theretofore passed out of Mrs. Margie W. Kirkland into Moses J. Kirkland Sr., Tanner's title would prevail over that of the plaintiff, who claims as grantee of the remaindermen under a deed into Mrs. Margie W. Kirkland and her husband. Counsel for the plaintiff in error insist that as a matter of law it must be held that Tanner had notice by reason of the fact that in several of the tax deeds, heretofore mentioned, the following clause is found: "And being the same lands conveyed by Moses J. Kirkland to Mrs. Margie W. Kirkland and M. J. Kirkland Jr., dated May 11, 1908, and recorded in Deed Book 25, page 44, and by deed from M. J. Kirkland to Margie W. Kirkland, dated September 30, 1908, and recorded in Deed Book 25, page 45." The deed from Mrs. Margie W. Kirkland to Tanner contained the first portion of what is quoted above, to wit, the definite reference to the deed recorded in Book 25, page 44. The quoted words were the latter part of the descriptive clause in these deeds. It will be noted that in this clause there is no mention of any conveyance out of Mrs. Margie W. Kirkland. On the other hand, one of the conveyances referred to in the tax deeds is a deed into Margie W. Kirkland. Counsel for the defendants rely on sev-

eral decisions of this court to the effect that the mere registration of a derivative conveyance is no notice that title had passed out of the original grantor. See *Citizens & Southern Bank* v. *Farr,* 164 *Ga.* 880 (3) (139 S. E. 658), and cit. But the contention here is not that Tanner was bound by the mere registry, but by a reference thereto in the deeds which Tanner received. Counsel for the plaintiff insists that under the case of *Simms* v. *Freiherr,* 100 *Ga.* 607 (28 S. E. 288), it must be ruled as a matter of law that G. S. Tanner, having received a deed mentioning the deed from M. J. Kirkland Sr. to Mrs. Margie W. Kirkland and M. J. Kirkland Jr., was chargeable with actual notice of the unrecorded deed. There is nothing in the decision of this court in the case last cited, when the facts are analyzed, which rules that as a matter of law actual notice will be chargeable to the grantee as to the existence of a prior deed merely because there is a reference to such former deed in the descriptive part of the latter conveyance. In the *Simms* case, supra, in referring to the deed there involved, it was said: "Each of these deeds contained a reference to the deed from Margaret Stiles to Archy Jordan, trustee, conveying the same property, dated May 2, 1866, *and referred to these deeds as the origin of Houston's title.*" (Italics ours.) A similar reference in the same opinion is in these words: "It will be noted by reference to the record that in each of the deeds under which it claims a lien upon the property, there was a reference in express terms to the original trust deed from Margaret Stiles to Archy Jordan as being the basis of Houston's title to the premises which he undertook to convey to it."

Unless Tanner had actual notice of the existence of the deed from Mrs. Margie W. Kirkland to M. J. Kirkland Sr., the plaintiff in error can not prevail. If he did have such notice, her petition sets forth facts which, if established, would entitle her to prevail. Actual notice may be inferred from circumstances. That which puts a party upon inquiry may be the equivalent of actual notice. In *Jordan* v. *Pollock,* 14 *Ga.* 145, 157, it was said: "That notice is sufficiently actual which by the proof, either positive or presumptive, brings home to the purchaser such knowledge of the circumstances, as authorizes the clear and satisfactory, conclusion that he had notice of the prior incumbrance; or such as renders proper the conclusion that he was, or should have been, put upon inquiry.

That such notice is, in the language of Sir Edward Sugden, 'good notice;' and is so, because it authorizes a conclusion which affects the conscience of the purchaser, and makes it a legal fraud in him to buy under the circumstances." See also *Hunt* v. *Dunn*, 74 *Ga.* 120, 124; and *Gordon* v. *Irvine*, 105 *Ga.* 144, 150 (31 S. E. 151).

Conceding that Tanner was bound by the recitals in his deed, yet, they do not purport to put him on notice of anything except the description of the property involved. Had he examined the deed itself, it would merely have disclosed that Kirkland Sr., after theretofore parting with the title, as shown by the record, undertook again to convey title to the same land. This information would in no wise have put Tanner on notice that Mrs. Margie Kirkland had theretofore reconveyed the property to Kirkland Sr., nor would it have been sufficient to place upon him the duty as a prudent man to investigate whether there were any outstanding unrecorded deeds from her. Although the court in the case next cited was dealing with constructive notice of a derivative deed, by reason of its registry, the reasoning is pertinent as to whether actual knowledge of the deed from M. J. Kirkland Sr. to M. J. Kirkland Jr. and Mrs. Margie W. Kirkland would charge Tanner with actual notice of the intervening unrecorded conveyances. In *Felton* v. *Pittman*, 14 *Ga.* 530, 536, this court said: "Mr. Pitman is about to purchase lot No. 374, in Sumter County, of Allen Marshall, who informs him that he derived title from Mrs. Jane Carlisle, the only heir at law of Benjamin Carlisle, deceased, and also from the estate of said deceased. How could the registration of deeds from Sullivan to Marshall, and from Marshall to Rushin, put Mr. Pitman upon inquiry, as to the ownership of this land? He searches the records, alphabetically, to see whether the Carlisles, husband or wife, his original grantors, have conveyed. He finds no deed passing out of them. What is there, upon the books, to direct his attention or inquiry to deeds, executed by other persons, having no connection with the Carlisles? We look to the index, for the names of the grantor and grantee, and not to the body of the deed, to see what property they convey. Such a rule as this would devolve upon every citizen, for his safety and security, to search the books in the clerk's office, almost as diligently as his Bible, to see what property was passing from hand to hand, throughout the entire community. It would be practically, to con-

vert him into that most odious of characters, a busy-body in other people's matters." See also *Carmichael* v. *Citizens & Southern Bank,* 162 *Ga.* 735 (134 S. E. 771), and *Doe* v. *Newton,* 171 *Ga.* 418, 422 (156 S. E. 25).

Therefore it is ruled that as to a one-half undivided interest in the 150 acres, Tanner's title is superior to that of the plaintiff, the grantee of the remaindermen under the deed from Kirkland Sr. to Kirkland Jr. and his wife. The plaintiff as the holder of the interests of the remaindermen would be entitled to recover the 50 acres, which were excepted in the deed from Mrs. Kirkland to Tanner as having theretofore been sold for taxes, since the title of the remaindermen was not divested by the tax sale, as hereinbefore ruled.

*Judgment reversed. All the Justices concur, except Bell, C. J., and Jenkins, P. J., who dissent from division 4 of the opinion, and the corresponding headnote.*