SMITH *et al. v.* THOMAS *et al.*

No. 15161. MAY 9, 1945. REHEARING DENIED JUNE 7, 1945.

*C. L. Cowart,* for plaintiffs in error.

*S. F. Memory* and *E. O. Blalock,* contra.

DUCKWORTH, Justice. (After stating the foregoing facts.) It is conceded that, if the instrument in the form of a deed, executed on March 10, 1939, is a valid deed, and the reservation therein is an ordinary life-estate, the defendants would have no right under their lease from the life-tenant to cut and remove the timber in question, and that the court did not err in granting the interlocutory injunction. The decisive question upon which the entire case turns is the proper interpretation of the reservation clause contained in that instrument. That clause expressly states that the reservation is a "life estate and interest," and reserves for the grantor stated rights in the property, to wit, "enjoy the possession, profits and otherwise use said land the same as if she owned the fee-simple title." This reservation is followed by the words: "At the death of the grantor the fee-simple title is to vest in the grantee herein named." The instrument is in the form of a deed and it names itself as an "indenture." It recites a consideration and contains the words, "granted, bargained, and sold," and the usual covenant of a warranty clause.

Counsel for the plaintiff in error contends that the instrument, by reason of the reservation clause, is testamentary in character, is therefore not a deed, and that the grantor therein had a right to convey the timber to the defendants subsequently to the date of that instrument, and cites in support of this contenion, *Symmes* v. *Arnold,* 10 *Ga.* 506, *Johnson* v. *Yancey,* 20 *Ga.* 707 (65 Am. D. 646), *Brewer* v. *Baxter,* 41 *Ga.* 212 (5 Am. R. 530), *Arnold* v. *Arnold,* 62 *Ga.* 627 (4), *Sperber* v. *Balster,* 66 *Ga.* 317, *Blackstock*

v. *Mitchell*, 67 *Ga.* 768, *Johnson* v. *Sirmans*, 69 *Ga.* 617, *Ward* v. *Campbell*, 73 *Ga.* 97, and *Barnes* v. *Stephens*, 107 *Ga.* 436 (33 S. E. 399), all of which involved instruments containing a reservation clause similar to that contained in the instrument under consideration here, and held that the instruments there considered were testamentary in character. This court, in *Wynn* v. *Wynn*, 112 *Ga.* 214 (37 S. E. 378), and again in *Patellis* v. *Tanner*, 197 *Ga.* 471 (29 S. E. 2d, 419), cited all the cases relied upon by the plaintiffs in error, and at the same time cited a large number of other decisions which dealt with similar instruments and held them to be deeds and not testamentary in character. In *Patellis* v. *Tanner*, supra, after citing such cases, this court (page 474), said: "The trend of the modern decisions is to uphold such an instrument as a deed, although it may contain words strongly suggestive of the idea that it is not to take effect until the death of the grantor." In seeking to reconcile the apparent conflict in the decisions, it is essential to recognize that each case dealt with a different instrument. Such instruments may or may not have been materially different, but a correct meaning of each instrument was determined by this court in the particular case in which it was involved. It should be observed that all the decisions of this court without exception give full recognition to the correct legal rule applicable in all such cases, to wit: that, if the instrument in the form of a deed conveys an estate in praesenti, although the right of possession be postponed, it is a deed; but, if the instrument conveys no present estate or right, but is an attempt to convey an estate or right in the property upon the death of the grantor, it is testamentary in character and will not be upheld as a deed. The apparent conflict in the decisions of this court is obviously due to the construction which this court placed upon the particular instrument involved in the decided case, all of such decisions applying this recognized rule of law to such instruments as there considered.

The reservation in the deed here involved recognizes that the grantor therein no longer holds the fee-simple title in the property described. It merely reserves to the grantor the right to enjoy the possession, profits, and use of the property. Construing the deed as a whole, it is clear that the grantor intended, by the statement that at her death the fee-simple title should vest in the grantee, merely that the property would not be longer encumbered by the

life-estate, and that the right of possession and use would thereupon vest in the grantee. Instruments in the form of a deed containing reservations very similar in meaning to that here found were held in the following cases to be deeds: *Price* v. *Gross,* 148 *Ga.* 137 (96 S. E. 4); *Crawford* v. *Thomas,* 150 *Ga.* 435 (104 S. E. 211); *Montgomery* v. *Reeves,* 167 *Ga.* 623 (146 S. E. 311); *Smaha* v. *George,* 195 *Ga.* 412 (24 S. E. 2d, 385); *Patellis* v. *Tanner,* supra. The rights reserved to the grantor of possession, receipt of profits, and the general use of the property are no more than are allowed a life-tenant under the statute, Code, § 85-604. See *Shealy* v. *Wammock,* 115 *Ga.* 913 (42 S. E. 239); *North Georgia Fertilizer Co.* v. *Leming,* 138 *Ga.* 775 (76 S. E. 95). It follows from what has been said that the instrument executed on March 10, 1939, is a warranty deed reserving an ordinary life-estate to the grantor, and hence such life-tenant was thereafter without title which she could convey to the defendants by the lease under which they claim the right to cut and remove the timber. The court did not err in granting the interlocutory injunction.

*Judgment affirmed. All the Justices concur.*