24085. GARDNER, Guardian v. THAMES (now Adkins) et al.

ARGUED MAY 9, 1967—DECIDED MAY 18, 1967.

Smith, Crisp & Hargrove, William E. Smith, Dorsey, Dorsey & Strother, John R. Strother, Jr., for appellant.

Lewis Hansen, Candler, Cox, McClain & Andrews, George C. Mitchell, for appellees.

DUCKWORTH, Chief Justice. The single question for our decision is whether an instrument in the form of a deed is a deed as the trial court ruled or whether it is testamentary in character and is consequently not a deed. As pointed out in Smith v. Thomas, 199 Ga. 396 (34 SE2d 278), this court in Patellis v. Tanner, 197 Ga. 471 (29 SE2d 419), listed many decisions of this court where the instrument dealt with was construed to be testamentary in character and hence not a deed, and then listed many decisions where the instrument dealt with was a deed. Then we said at page 399 of the Smith case, supra, that "all the decisions of this court without exception give full recognition to the correct legal rule applicable in all such cases, to wit: that, if the instrument in the form of a deed conveys an estate in praesenti, although the right of possession be postponed, it is a deed; but, if the instrument conveys no present estate or right, but is an attempt to convey an estate or right in the property upon the death of the grantor, it is testamentary in character and will not be upheld as a deed." Application of the foregoing rule of law to the facts of this case requires a ruling that the instrument here involved is testamentary in character and is therefore not a deed.

Although in the form of a deed and reciting a consideration as well as that the land is "granted, bargained, sold and conveyed," it proceeds in three different ways to say that title will not pass until the death of the grantor, as follows: (1) "the grantor shall retain ownership and control of this prop-

erty for the duration and balance of her natural lifetime," (2) "this property shall not vest to the named grantees until the death of said grantor," and (3) "at the death of said grantor, then this deed and conveyance shall legally vest to the grantees." Where as here the instrument plainly and repeatedly states that the title shall not vest in the grantees until the grantor's death, no court can correctly hold that title vested in the grantee when the instrument was executed. The above quoted rule of law is binding upon the courts of this State, and it plainly requires that in order for the instrument to be a deed it must convey "an estate in praesenti," and that if it attempts to convey an estate upon the death of the grantor it is testamentary and not a deed. Accordingly, we hold that it was error to construe the instrument here involved to be a deed.

*Judgment reversed. All the Justices concur.*