## 44453. HARRIS et al. v. NEELY et al.
(359 SE2d 885)

CLARKE, Presiding Justice.

This appeal presents the question of whether an instrument constitutes a deed conveying title subject to a life estate or whether it is an attempted will.

If the instrument is testamentary it has no effect because of de-

fective attestation. On the other hand, if the document is a deed, it conveys title. In this action for declaratory judgment and injunctive relief, the trial court held the document is a deed. We affirm.

Using a warranty deed form, a document was prepared for and executed by Mr. and Mrs. Giles in 1951. The instrument described certain lands and used traditional words of conveyance to Leila Tingle, but includes qualifications which form the issues in this case. Each grantor reserved a life estate and there is language authorizing Mr. Giles to sell the land during his lifetime. Mrs. Giles receives no such authority by the terms of the instrument but this presents no problem because the record indicates that she owned no interest in the land sought to be conveyed.

All three parties to the instrument are now deceased. Mr. Giles died first, not having disposed of the property. Mrs. Tingle died in 1978, and Mrs. Giles died in 1984. The heirs of Mrs. Giles, appellants here, filed this action contending that the writing in question was not a deed but an attempted will which lacks the three witnesses required at the time of execution and as a result devises nothing. They support this assertion with the argument that the document passed no present fixed right of enjoyment to Mrs. Tingle. Beyond this, they urge that Mr. and Mrs. Giles attempted to convey an interest which was contingent upon Mr. Giles not selling or disposing of the land before his death.

No one contests the proposition that a grantor may, by deed, convey a remainder interest while reserving a life estate. *Martin v. Smith*, 211 Ga. 600 (87 SE2d 406) (1955); *Smith v. Thomas*, 199 Ga. 396 (34 SE2d 278) (1945). See also *Black v. Poole*, 230 Ga. 129 (196 SE2d 20) (1973); *Isler v. Griffin*, 134 Ga. 192 (67 SE 854) (1909); *Moye v. Kittrell*, 29 Ga. 677 (1860). *Gardner v. Thames*, 223 Ga. 378 (154 SE2d 926) (1967), relied upon by appellants, is distinguishable. The test is whether something more than a life estate was reserved or something less than a remainder was conveyed. Primarily, the question is whether anything vested immediately in Mrs. Tingle. OCGA § 53-2-41 (b) turns the issue on the matter of intent by mandating, "If the intention is to convey a present estate, even if possession is postponed until after the death of the maker, the instrument is a deed."

Therefore, we will look to the intention of Mr. and Mrs. Giles. In doing so, we note they selected a warranty deed form which calls itself a deed and contains words of conveyance, and they executed the instrument in question with the formality consistent with a deed. It was recorded as a deed. These facts raise interesting inferences as to intent, but outward appearances do not control because the language of the instrument and not its label tells the story of the intent of the signers. It is on this point that appellants argue the reservation of the right to sell or dispose of the property constitutes an expression of

intent on the part of Mr. and Mrs. Giles to convey no present interest.

Appellants contend that the reservation by Mr. Giles of the right to dispose of the land during his lifetime negates a present vesting of a future interest. We cannot agree. The reservation of the right in the grantor in the instrument here does not compel a conclusion that he retained more than a life estate. The reservation is not inconsistent with a construction of the instrument as a deed. G. Pindar, Georgia Real Estate Law, § 19-144 (3d ed. 1986); *Price v. Gross*, 148 Ga. 137 (96 SE 4) (1918); *Hamilton v. Cargile*, 127 Ga. 762 (56 SE 1022) (1906). Neither does the reservation force us to conclude that the grantee received only a contingent remainder. We agree with the finding of the trial court that the grantee received a vested remainder subject to divestment should the grantor dispose of the property in his lifetime.

In searching for the intent of the grantor, we may presume that he did not intend for the instrument to fail. If held to be a will it will fail for lack of a sufficient number of witnesses. If there is doubt as to whether an instrument is a deed or a will, the court will construe it as a deed if construction as a will causes it to fail. *Price v. Gross*, supra.

Considering the instrument in light of the intent of the grantor, we find it to be valid as a deed.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 9, 1987.

*Groover & Childs, Denmark Groover, Jr., Charles A. Thomas, Jr.*, for appellants.
*Steve L. Wilson, Wallace Miller III*, for appellees.